*Frank R. Walker*, for plaintiff in error.
*John S. Candler*, solicitor-general, contra.

---

## RAWLS *v.* THE STATE.

*Simmons, C. J.*—The court having in its charge to the jury expressed an opinion as to the probative value of certain vitally important evidence introduced by the State, it was, under section 3248 of the code, error requiring a new trial.

July 15, 1895. By two Justices.    *Judgment reversed.*

Indictment for forgery. Before Judge Sweat. Charlton superior court. April term, 1895.

The indictment charged, that on July 1, 1894, Rawls forged and altered an order for money, reading originally: "Mr. J. P. Stallings pay Charle Rauls 2 dollars for dipen B. A. Chesser": by substituting the figure 3 for the figure 2, with intent then and there to defraud Stallings and Chesser. A second count charged, that at the same time and place defendant unlawfully did "alter" and publish as true a certain false, fraudulent, forged and altered order for money, in substance as follows: "Mr. J. P. Stallins pay Charles Rawls 3 dollars for dipen, B. A. Chesser"; then and there well knowing said order to be falsely and fraudulently forged and altered, with intent to defraud said Stallings and Chesser. Defendant was found guilty, and his motion for new trial was overruled. The motion assigns error on the following instructions of the court:

"In considering that question, if the jury find that Mr.

Chesser, whether skilled in writing and reading or not, had this order before him as it was being written and after it was written, and if they find that he has testified in the case that looking upon the order as it was written by his wife that the figure 2 was then upon the order, and if they believe that testimony, that would be sufficient upon that question.

"Now, if the jury is satisfied, looking to any confession which may have been made by this defendant and to all the facts and circumstances as proven in the case, if the jury is satisfied that this defendant received the order in question, it having been written as claimed for two dollars and he altered it so as to make it call for three dollars, then, being satisfied of that, the jury would be authorized to convict him.

"You may inquire as to what the evidence shows Mr. Chesser was indebted to this defendant at that time; whether he was owing him two dollars or three dollars, or whether the defendant claimed he was owing him two dollars or three dollars. This is a pertinent inquiry which you may make; and it is also a pertinent question for you to consider in connection with the fact, if it be true, that this defendant presented the order in question to Mr. Stallings."

*C. C. Thomas* and *J. S. Williams*, for plaintiff in error.

*W. G. Brantley,* solicitor-general, by *Harrison & Peeples,* contra.