## GEORGIA FLORIDA & ALABAMA RAILWAY COMPANY v. JERNIGAN.

Where a fact is conceded to be true and the parties are not at issue with reference thereto, it is not reversible error for the judge, while instructing the jury, to intimate or express an opinion that such fact has been proved.

2. If a railroad company, in the construction of its road-bed, intentionally obstructs a natural drain, thereby causing water to accumulate and form a stagnant pond, amounting to a nuisance, near the residence of another, and producing illness among the members of the family of such person, the railroad company will be liable to him for damages arising therefrom. The plaintiff, by his pleadings and evidence, having presented a case proper to be submitted to the jury under the foregoing theory, it is no cause for the grant of a new trial that the judge charged the jury: "It [the railroad] is not bound to guard against every, possible contingency which may arise and which may result to the injury of the property or the health of others, but it is bound to so construct and keep and maintain its culvert that the accumulation of water from rains or other causes, which in the usual course of events is likely to occur, may not cause ponds or other formations of water such as will endanger the health or life of the adjoining land owners."

3. The verdict is not excessive, and is supported by the evidence; and no sufficient cause is shown for the reversal of the judgment.

Argued May 23,—Decided June 14, 1907.

Action for damages. Before Judge Wright. Randolph superior court. February 13, 1906.

*Donalson & Donalson* and *J. R. Pottle,* for plaintiff in error.

*M. C. Edwards,* contra.

ATKINSON, J. 1. This is an action for damages resulting from an alleged nuisance which it is averred caused members of the plaintiff's family to be ill. The nuisance was a small stagnant pond of water near the plaintiff's residence, which was produced by the construction of the defendant's road-bed across a low place, being a natural drain for adjacent territory, without placing under the road-bed a proper culvert for the purpose of allowing the water to escape. The evidence is undisputed that the water did accumulate and that a culvert was necessary in order to avoid such accumulation. The culvert was constructed, but not on a level with the lowest place of the drain. It was constructed higher up. The defendant contended that such was the best method of making a permanent drain; this upon the idea that the entire place was naturally low and in time of rain the water could not pass through, and consequently trash would accumulate and obstruct the culvert, whereas by raising the level of the culvert, while the water would pond for a while, soil from the adjacent territory would soon wash in and fill the low place on the near side of the embankment to a level with the culvert, thus raising the bed of the stream higher than the opposite side of the embank-

ment and allowing the water to pass through with force and keep the culvert open. The plaintiff contended that the construction of the culvert was improper and that it should have been on a level with the lowest place in the drain. Such being the contentions of the parties with reference to the culvert, it is manifest that there was no issue as to the necessity of a culvert of some kind. There being no issue as to the necessity of a culvert, it was not harmful error, upon the ground of expressing an opinion, for the judge to instruct the jury: "Suitable culverts and bridges to convey water across the railway, at or near the place where it naturally flows, are necessary for the proper construction of the road, except when they can not be made or where the purpose of making them is greatly disproportioned to the damage to be sustained." If both parties conceded the necessity for a culvert, the judgment will not be reversed because the court instructed the jury in the language just quoted. Section 4334 of the Civil Code, which prohibits a trial judge from expressing or intimating his opinion as to what has or has not been proved, refers to the expression or intimation of an opinion touching some fact at issue involved in the case, and not to something that is conceded by both parties. See, in this connection, *Springfield* v. *State,* 125 *Ga.* 281.

2. If, under circumstances enumerated in the first division of this opinion, a railroad company intentionally obstructs a natural drain so that the water naturally flowing through the same accumulates and forms a stagnant pond and thereby becomes a nuisance, it will be no defense to an action for damages resulting therefrom that the road-bed was constructed upon scientific principles, which, though producing a temporary nuisance, would eventually destroy the nuisance. One can not, to the injury of another, rightfully create or maintain a nuisance, either temporary or permanent. If he wrongfully does so, he must pay the injured person such damages as naturally flow from the wrong. *Sav. F. & W. Ry. Co.* v. *Parish,* 117 *Ga.* 893; *W. & A. R. Co.* v. *Cox,* 93 *Ga.* 561; 21 Am. & Eng. Enc. L. 688. Under the facts of this case it was no cause requiring the grant of a new trial that the judge charged the jury: "It [the railroad] is not bound to guard against every possible contingency which may arise and which may result to the injury of the property or the health of others, but it is bound to so construct and keep and maintain its

culvert that the accumulation of water from rains or other causes, which in the usual course of events is likely to occur, may not cause ponds or other formations of water such as will endanger the health or life of the adjoining land owners."

*Judgment affirmed. All the Justices concur.*