## ROBINSON *v.* THE STATE.

1. A verbal inaccuracy occurring in a charge, and immediately thereafter corrected, furnishes no ground for a new trial.
2. Where the only issue presented by the evidence was that of murder or justifiable homicide, the presiding judge correctly omitted to charge on the subject of voluntary manslaughter.
3. If the fact of a voluntary homicide is shown, unaccompanied by any circumstances of excuse or extenuation, malice is presumed.
4. Where the evidence showed without controversy or conflict that the deceased was shot by the accused, and the latter in his statement admitted that such was the fact but sought to justify the act, there was no error in charging that if the jury had a reasonable doubt as

to whether the accused acted, when he shot, under circumstances calculated to excite the fears of a reasonable man, he should be acquitted. Such a charge was not open to objection on the ground that it contained an expression on the part of the court that the fact of the shooting of the deceased by the accused had been proved.

5. Affidavits attached as exhibits to a bill of exceptions after the certificate of the presiding judge, and not identified by his signature thereon, can not be considered as evidence; and a ground of a motion for a new trial which is dependent upon such evidence can not be considered.

6. Whether the presiding judge will permit counsel for the accused to call the attention of the latter, while making his statement or at its close, to some subject claimed to be pertinent to the case, and as to which he has made no statement, or whether the court will afterwards allow the accused to make a second statement touching such subject, are matters which must rest in the discretion of the judge. In the present case it can not be said that such discretion was abused.

ATKINSON, J., dissenting. The ruling stated in the third headnote is a correct statement of law, but it is not applicable to the facts of this case. The evidence offered by the State to prove the homicide showed that the fatal shots were fired under such circumstances as rendered it proper to submit the question to the jury whether the defendant acted under the fears of a reasonable man that a felony was about to be committed upon his person. If the defendant shot the deceased, induced by such fears, there could be no malice; and under the ruling in the case of *Mann* v. *State*, 124 *Ga.* 760 (53 S. E. 324, 4 L. R. A. (N. S.) 934), the court should not have charged that malice was presumed upon proof of the killing.

Argued May 20,—Decided August 16,—Rehearing denied October 2, 1907.

Indictment for murder. Before Judge Edwards. Polk superior court. March 20, 1907.

*Janes & Hutchens* and *William Janes*, for plaintiff in error.

*John C. Hart*, attorney-general, and *W. K. Fielder*, solicitor-general, contra.

LUMPKIN, J. 1. Ed Robinson was indicted and convicted of the offense of murder. His motion for a new trial was overruled, and he excepted. The motion and amended motion contained twenty-one grounds. Most of them present no question which it is necessary to discuss and as to them it will suffice to say that none of them require a new trial. Only a few need be specially mentioned. In some of them there may have been slight verbal inaccuracies or inapt expressions. Thus, at one time, in defining malice the presiding judge said: "It is a deliberate intention unlawfully to take away human life, whether it springs from hatred, ill will, revenge, ambition, or drunkenness even, if such should be

22

the case." But he at once corrected himself and informed the jury that there was no question of drunkenness arising under the evidence.

2. There was no evidence requiring a charge on the subject of manslaughter. The evidence showed that the man killed and a woman had been living together in unlawful cohabitation, but had separated. On the night of the homicide he went to the door of her house and knocked. When first asked who he was, he gave a false name, but subsequently gave his own name, and called the woman to the door. When she unlocked it, he pushed it open and entered the room, saying several times, "Strike a match." The defendant was in the room and in bed at the time, though it was claimed that he was occupying a different bed from that in which the woman slept. Upon the deceased calling for a match, the accused fired twice with a pistol, killing him. There was no evidence that the deceased had any weapon. There was some evidence, introduced by the defendant, that the deceased had previously made threats as to what he would do if he caught any man in the room with the woman, and that the threats had been communicated to the defendant.

The issue presented was murder or justifiable homicide. Presumably the presiding judge charged correctly on that issue, including the doctrine of reasonable fears. But there was nothing in the evidence which made it erroneous not to charge the law in regard to voluntary manslaughter.

3. The court charged as follows: "When a homicide or killing is shown, the law presumes malice. So, if you find from the testimony that, beyond a reasonable doubt, the defendant Ed Robinson, in the county of Polk, on the day named in the bill of indictment, or at any other time before the finding of the bill of indictment in this case, did unlawfully, wilfully, and of his malice aforethought, kill and murder Charlie Holifield by shooting him, the said Charlie Holifield, with a certain pistol, as charged in the bill of indictment, and nothing further appears in the case, it would be your duty to find the defendant guilty." At other parts of his charge he also referred to the presumption of malice, from the commission of the homicide. Under the facts presented by the evidence, there was no error in the charge. The case is con-

trolled by that of *Mann v. State,* 124 *Ga.* 760 (53 S. E. 324, 4 L. R. A. (N. S.) 934). In that case Mr. Justice Evans said: "In the first instance, when the fact of a voluntary homicide is shown, unaccompanied by any circumstances of excuse or extenuation, malice is presumed, and the court may so charge. Also where the homicide is established by evidence some of which excludes any inference of alleviation, while mitigation may be inferred from some of the circumstances, it is proper to instruct the jury that the law presumes malice from the proof of the killing unless the evidence shows alleviation or justification, and leave it to the jury to decide the issue of fact as to whether the killing was with or without extenuating circumstances. As was said by Simmons, J., in *Vann's* case [83 *Ga.* 44, 9 S. E. 945], 'If the proof that shows the killing itself discloses that it was done without malice, of course the presumption does not exist; but if the accompanying proof does not, then the burden is thrown upon the defendant to show that it was done without malice.' It is not imcumbent on the accused to prove an absence of malice where the evidence for the prosecution shows facts which will excuse the homicide or reduce its grade." The evidence was not such as to render this charge erroneous. It may be presumed that the general law of the case was charged, including the doctrine of reasonable doubts.

4. Error was alleged because in one part of the charge the judge said: "If you have a reasonable doubt as to whether the defendant, Ed Robinson, acted, when he shot, under circumstances calculated to excite the fears of a reasonable man," etc. The objection to this charge was that it was an expression on the part of the court that the fact of the shooting of the deceased by the defendant had been proved. All the evidence showed without controversy that the deceased was shot by the accused, and the latter in his statement also admitted that such was the fact, but sought to justify the act by asserting that the deceased had something in his hand and was advancing upon the accused, that when he went into the room he threatened to kill any one who might be there, and that the accused was frightened. Under the circumstances, the charge furnished no ground for a new trial.

5. One ground of the motion for a new trial was to the effect that one of the jurors who tried the defendant had been a member of the coroner's jury who held the inquest over the body of

the deceased; that a verdict was then rendered which charged the defendant with murder; that the juror answered the questions on the voir dire in such manner as to qualify himself; and that neither the defendant nor his counsel had any knowledge or mode of ascertaining, until after the trial, that such juror had been a member of the coroner's jury. In the bill of exceptions it was recited that the defendant introduced, in support of his motion, certain affidavits in regard to the juror. The names of the affiants were stated, and it was added that the affidavits were "copied and thereto attached and made part of the record, marked Exhibits A, B, C, D, E." It was then alleged that certain counter-affidavits were introduced on behalf of the State, the names of the affiants being given, and it being recited that they were attached to the bill of exceptions and marked exhibits F, G, and H. After the certificate of the judge and the acknowledgment of service by counsel there appear attached to the bill of exceptions affidavits which are marked with letters from A to H consecutively, but none of these are identified by the judge's signature upon them.

According to the often repeated rulings of this court, this is not a sufficient identification to authorize such attached papers to be considered by us. What precedes the certificate of the judge as a part of the bill of exceptions is identified by it. What follows the certificate, purporting to be exhibits referred to in the body of the bill of exceptions, must be specially identified by the judge's signature. Merely to attach affidavits or other papers to a bill of exceptions after the judge's signature does not verify or identify such papers as having been attached at the time when the bill of exceptions was signed or as being proper exhibits thereto, unless the judge places his signature upon them as being the exhibits referred to in the bill. The ground of the motion for a new trial which was dependent on this evidence can not be considered.

6. The motion for a new trial stated that the court erred in refusing to allow defendant's counsel to call his attention to an important matter necessary to his defense, while the defendant was making his statement,—the court saying, "Let him make such statement as he sees fit." Also, that, pending the opening argument of the State's counsel, defendant's counsel stated to the court that there was one matter about which the defendant wished to make a statement, that he (counsel) had called his client's at-

tention to it, and that the accused wished to make a further statement; which the court declined to allow. The presiding judge may, in his discretion, permit counsel to call the attention of the defendant while making his statement, or at its close, to some subject pertinent to the case as to which he has made no statement. In the present case, however, it does not appear what the subject-matter referred to was, or what it was desired the defendant should make an additional statement about. Matters of this character, including the allowance of an additional statement after the first, must rest to a considerable extent in the discretion of the presiding judge. We can not say that such discretion was abused. See *Echols* v. *State,* 109 *Ga.* 508 (34 S. E. 1038); *Walker* v. *State,* 116 *Ga.* 540 (42 S. E. 787, 67 L. R. A. 426); *Brown* v. *State,* 58 *Ga.* 212; *Dixon* v. *State,* 116 *Ga.* 186 (42 S. E. 357); *Cochran* v. *State,* 113 *Ga.* 741 (39 S. E. 337).

*Judgment affirmed. All the Justices concur, except Atkinson J., who dissents.*