### 1912.   DEXTER BANKING COMPANY *v.* McCOOK.

1. Where a fact is established by undisputed evidence, it is not error for the judge, in his charge to the jury, to assume or intimate that the fact has been proved.
2. The sole question in the case is one of fact, as to which the verdict of the jury is final.

Complaint; from city court of Dublin—Judge E. W. Jordan presiding.   April 13, 1909.

Submitted June 28, 1909.—Decided February 22, 1910.

*W. C. Davis,* for plaintiff.

RUSSELL, J.   The Dexter Banking Company instituted suit on a promissory note signed by Cardell Brothers and McCook, apparently as joint makers.   McCook pleaded that he was surety only, and that he had been released by the bank.   As to the fact of suretyship there is no dispute in the evidence; the controversy between the witnesses being confined to the single question as to whether the bank had released the surety.   As to this there was evidence pro and con.   The jury found in favor of the surety.

1.   Other than the general grounds of the motion for a new trial, the sole assignment of error is that the judge erred in intimating to the jury that it was proved that McCook was surety only.   It is contended that this was an issuable question, and under the so-called "dumb act" (Civil Code of 1905, §4334),

the judge should have submitted it to the jury without any intimation one way or the other. McCook testified positively that he was surety only, and this is not denied by a single witness for the bank, or disputed by a single circumstance. Where a particular fact is established by uncontradicted evidence, it is not error for the judge to assume or intimate that the fact has been proved. *Shields* v. *Ga. Ry. & El. Co.*, 1 *Ga. App.* 172 (57 S. E. 980); *Fitzgerald Oil Co.* v. *Farmers Supply Co.*, 3 *Ga. App.* 217 (59 S. E. 713).

2. The controlling question in the case is one of fact; and as to that the verdict of the jury, approved by the trial judge, is final.

　　　　　　　　　　　　　　　　　　*Judgment affirmed.*