### 3602. HAYS v. THE STATE.

1. "Neither the joinder of a witness in an indictment with the defendant, nor a plea of guilty entered by the witness, *necessarily* makes him an accomplice with the defendant so as to require corroboration of the witness's testimony on the latter's trial. It is for the jury, from a consideration of the testimony of the witness, wherein he admits his presence at the scene of the crime at the time of its commission by his codefendant, but denies any participation therein by him, and the plea of guilty entered by the witness, as well as any other relevant circumstance, to determine whether the witness was an accomplice of the defendant on trial."

2. The court properly left it for the jury to decide, under the evidence, whether the codefendant testifying was an accomplice; and the verdict may be upheld on the theory that the jury found that the witness was not an accomplice.

DECIDED OCTOBER 10, 1911.

Indictment for arson; from Campbell superior court—Judge Roan. June 10, 1911.

*W. C. Wright,* for plaintiff in error.

*C. S. Reid, solicitor-general,* contra.

POWELL, J. The syllabus above is borrowed verbatim from the opinion of the Supreme Court in the case of *Hargrove* v. *State,* 125 *Ga.* 270 (54 S. E. 164). The principles in that case cover the case at bar, and are controlling upon all the propositions involved.

*Judgment affirmed.*