## 5420.   CALLAHAN *v.* THE STATE.

1. The ruling in this case is controlled by the decisions of the Supreme Court in *Ledford* v. *State,* 75 *Ga.* 856, *Harrison* v. *State,* 83 *Ga.* 130 (9 S. E. 542), and *Raysor* v. *State,* 132 *Ga.* 237 (63 S. E. 786). The accused sought to establish an alibi, and the court correctly instructed the jury that it was incumbent on him to prove the impossibility of his presence at the scene of the crime at the time of its commission, and that he was only required to establish this to the reasonable satisfaction of the jury; but the court omitted altogether to inform the jury that if they had a reasonable doubt as to whether the accused had in fact established the alibi, he should be given the benefit of that doubt and should be acquitted. The instructions on the subject of reasonable doubt were not accompanied by any language relating to the testimony as to alibi (as in *Shaw* v. *State,* 102 *Ga.* 665, 29 S. E. 477), and equivalent to a specific direction to the jury to acquit, if, upon a consideration of the proof of alibi along with the evidence as a whole, the jury had a reasonable doubt of the defendant's guilt.

2. There being nothing in the evidence or in the defendant's statement to dispute the fact that the alleged crime was committed and his defense resting solely upon the contention that he did not participate in the offense, the court, in charging the jury, did not violate the provisions of the code (Penal Code, § 1058; Civil Code, § 4863) in assuming that a crime had been committed.

3. Even if the instruction of the trial judge as to a presumption of malice was erroneous, the error was harmless, because the verdict finding the

defendant guilty only of the offense of shooting at another evidences that they found that the assault was made without malice.

DECIDED APRIL 18, 1914.

Conviction of shooting at another; from Murray superior court— Judge Fite.   November 24, 1913.

*W. E. Mann,* for plaintiff in error.

*Sam. P. Maddox, solicitor-general,* contra.

RUSSELL, C. J.   1.   According to the testimony for the State, the guilt of the plaintiff in error is so manifest that as individuals we would be extremely loath to remand this case for another trial. So far as the evidence is concerned there was only one issue, to wit, whether the accused was present at the perpetration of the crime; and the trial judge did not err in narrowing the consideration of the jury to that issue and in focusing their attention upon it.   But for the very reason that this was the controlling issue in the case, it was the peculiar right of the defendant to have this issue submitted without error prejudicial to him.   And it is for this reason, as well as for the reason that we are bound to decide every case according to the law, that though we are ourselves convinced of the guilt of the accused, we feel constrained by our sense of duty to afford him an opportunity to have his defense presented to the jury according to law.   We know that not infrequently alibi is the last resort of conscious guilt, but to affirm a judgment refusing a new trial in this case, where the failure to present the second branch of the defense of alibi, which is supported by evidence, is complained of, would commit this court to the holding that one charged with crime is not entitled, as a matter of right, to have the jury which passes upon his case plainly told that the doctrine of reasonable doubt extends as well to the reasonable doubt which the jury may entertain upon a consideration of the proof of alibi as to any other phase of the case.   This doctrine, which our law in its humanity has incorporated as one of the fundamentals of our jurisprudence, would be of but little avail to a defendant relying wholly upon an alibi and not disputing the commission of the alleged crime, if the doctrine of reasonable doubt be applied only to the evidence tending to show guilt, and if the accused is required to establish his absence from the scene of the crime to the reasonable satisfaction of the jury, without any further provision than that if he failed to reasonably satisfy the jury that he was absent, the jury shall en-

tirely disregard testimony which he has introduced in an effort to show that he had not participated in the offense, and shall in that event determine only whether the proof in behalf of the State is sufficient to authorize conviction. Where the evidence of alibi, if credible, is sufficient to authorize acquittal, and the only question is one of credibility, it is especially important that the jury shall be told that the testimony regarding alibi should be considered along with all the other evidence in the case, and that if, upon consideration of all the testimony in the case, the jury is not morally and reasonably satisfied of the defendant's guilt, he is entitled to be acquitted. *Raysor* v. *State,* 132 *Ga.* 237 (63 S. E. 786).

In the present instance the trial judge did not err in making clear to the jury the only real issue in the case, and in instructing them as follows: "The defendant sets up the defense of alibi in this case; that is to say, he contends that he is not guilty, because he was elsewhere at the time the crime was committed, and therefore he could not be guilty. If that defense be true you would acquit him." But this instruction, which was proper to preclude any confusion in the minds of the jury (if the jury were thereafter correctly instructed as to the full scope of the evidence of alibi), was of itself prejudicial, in view of the fact that later in the charge the court said: "In determining this question, look to all the evidence on the question of alibi," etc. If the court had not thus confined the investigation of the jury to the evidence on the question of alibi, and had merely said, "In determining this question, look to all the evidence," we might have been justified in holding this was a sufficient compliance with the requirement for instructions upon the second branch of the doctrine of alibi. The vice in the instruction as given is that the court, after clearing away the underbrush by fairly stating to the jury the only real issue of fact, placed upon the defendant the burden of establishing his alibi to the reasonable satisfaction of the jury, and deprived him of any benefit of his evidence of alibi unless the jury were reasonably satisfied it was true. In other words, the jury were told that if they were as reasonably satisfied of the truth of the alibi as of any other fact in the case, they should acquit the defendant, but they were not told what was their duty if they were not reasonably satisfied of its truth, and that if from the evidence they were uncertain whether he was at home, as he claimed to be, they should give him

the benefit of any doubt reasonably arising from a consideration of all the evidence in the case, and should acquit him. When the jury are told, as they should be when alibi is relied upon, that the range of evidence must be such as to preclude the possibility of the defendant's presence at the scene of the crime at the time of its commission, and that the burden is upon him of establishing the impossibility of his presence to the reasonable satisfaction of the jury, the burden placed upon the accused is such that it is to our minds of vital importance that the jury be told what they should do if the accused has not carried this burden to their full satisfaction, as he is required to do, and yet, considering the testimony in the particular instance, the jury may be uncertain whether the accused was or was not present at the scene of the commission of the crime. The imposition of the burden upon the defendant prejudices his right to receive the benefit of the reasonable doubt as to the facts proved by the prosecution, unless the jury are told that his failure to successfully carry the burden does not necessarily operate to his prejudice. In a case, such as this case, where the offense charged is barbarous and without any semblance of justification, the effect of calling the attention of the jury to failure of the accused to fully satisfy the jury of his absence from the scene of the crime, by the testimony of members of his immediate family (whose absorbing interest necessarily tends to depreciate their credibility), would be likely to greatly minimize the chance of there being any reasonable doubt of the defendant's participation in the crime, the commission of which, by some one, was undisputed, if the jury apprehended that in the event they were not fully satisfied by this positive proof of alibi, they should drop that testimony entirely and exclude it from further consideration in connection with other proof in the case. The propriety of calling attention to a continued consideration of the evidence of alibi, for the purpose of ascertaining whether it is sufficient, in connection with all the proof in the case, to generate a reasonable doubt, is clearly pointed out in *Ledford* v. *State,* 75 *Ga.* 856, *Harrison* v. *State,* 83 *Ga.* 129 (9 S. E. 542), and *Raysor* v. *State,* supra, which we deem to be controlling upon the point now before us, and, in fact, to have rendered any discussion upon our part unnecessary. We have said so much in regard to the matter only because of our strong personal predilection to affirm the judgment of the lower court in the case now before us,

and the apparent inability of the court to do so under these adjudications by which, as precedents, we are bound.

2-3. The second and third headnotes sufficiently state our rulings upon the other assignments of error.

<em>Judgment reversed. Roan, J., absent.</em>