### 9657. GALLAHER v. THE STATE.

BLOODWORTH, J. 1. There was no error in refusing to admit in evidence the letter referred to in the motion for a new trial. A letter not otherwise admissible was not made so "because the letter was received in due course of mail, . . the handwriting of the writer proved, . . and all of the ear-marks of the letter and the envelope in which it came showed that the letter itself was genuine," or "because the writer of the letter was without the jurisdiction of the court," or "because the letter corroborated the statement made by the defendant at the time of his arrest," or "because the letter was the only evidence obtainable to establish the ownership of the trunk and the beverage contained therein," or "because the absence of the writer of the letter was fully explained by the letter," or "because the letter was a confession on the part of the writer that the writer had committed the crime." On the latter proposition, see *Robison* v. *State,* 114 *Ga.* 445 (2), 447 (40 S. E. 253), and cases cited.

2. In charging the jury as complained of in the motion for a new trial, the judge did not "intimate or express an opinion as to what had been proved."

(*a*) Where the evidence showed that in the place of business of the defendant there was found a trunk containing several bottles of "whisky," and the evidence that the bottles contained whisky was undisputed, it is not erroneous for the judge, in his charge to the jury, to refer to the liquid as whisky or liquor.

3. The instruction to the jury that they might "consider the ownership of this warehouse where this property was stored" could not have been harmful to the defendant, as one of the witnesses testified that "They did say that the place of business belonged to the cousin, who owned the trunk."

4. While the evidence makes a weak case, this court has no authority to set aside a verdict which has the approval of the trial judge, when there is any evidence to support it; and there is some evidence to support the verdict in this case.
*Judgment affirmed. Broyles, P. J., and Harwell, J., concur.*<br>DECIDED OCTOBER 14, 1918.

Accusation of violating prohibition law; from city court of Richmond county—Judge Black. March 25, 1918.

*Archibald Blackshear, W. D. Irvin,* for plaintiff in error.

*W. Inman Curry, solicitor,* contra.