## 10383. DAVIS *v.* THE STATE.

1. Grounds of the motion for a new trial incomplete within themselves and too indefinite will not be considered.
2. The instruction to the jury that where a larceny is shown and a person is found to have been in recent possession of the stolen goods, "that possession creates a presumption of fact which would authorize the jury to convict, if the possession is not satisfactorily explained to the jury," was substantially correct, in connection with added instructions as to explanation of the possession and rebuttal of the presumption.
3. The law which prohibits a judge from expressing or intimating to the jury his opinion as to what has been proved was not violated by the instruction that if the jury believed the defendant's explanation, they would not be authorized to find a verdict of guilty "on the fact that he was found in recent possession of the property shown to have been stolen;" the fact that the property was stolen and the fact that he was found in recent possession of it being shown by the evidence and

not being contradicted by anything in the evidence or in his statement at the trial.

4. The requirement as to instructions on circumstantial evidence where it is sought to show guilt by such evidence alone was met by the instructions given.

5. The conviction of the defendant was authorized by the evidence.

DECIDED JUNE 27, 1919. REHEARING DENIED JULY 16, 1919.

Indictment for larceny; from Liberty superior court—Judge Sheppard. February 17, 1919.

Application for certiorari to review this decision was denied by the Supreme Court.

*O. C. Darsey, James R. Thomas,* for plaintiff in error.

*J. Saxton Daniel, solicitor-general,* contra.

BROYLES, P. J. 1. . The 1st, 2d, 3d, and 4th special grounds (the two latter grounds being erroneously numbered 6th and 7th) of the motion for a new trial, complaining of the admission of evidence, are too indefinite and incomplete within themselves to be considered by this court.

2. It was not error to charge the jury as follows: "Now I charge you the law concerning the recent possession: Where a larceny is shown to have been committed, that is to say, where the principal fact that a larceny has been committed and a person is found to have been in the recent possession of the goods that were stolen, why that possession creates a presumption of fact which would authorize the jury to convict, if the possession isn't satisfactorily explained to the jury. It is not a presumption of law, but a presumption of fact." This charge was substantially correct, and in immediate connection therewith the judge charged as follows: "[This presumption of fact] may be rebutted by any explanation which may be presented to the jury consistent with innocence that the jury may believe. Of course, where the explanation is made consistent with innocence, and the jury believes it, the fact that a person is in possession of it is no presumption that he is the person who stole the property alleged to have been stolen. Now you are the judges of the fact of the recent possession and of the explanation of that possession, that is a question for you to determine, and the truthfulness of the explanation and all of those things are questions for you to determine. As I said awhile ago, if you believe from the evidence and the explanation, if you believe that that explanation was consistent with innocence, and you believe that explanation, if it is satisfactory to you, why then you would not be authorized

to find a verdict of guilty in the case. If you are not entirely satisfied as to the explanation, you may consider that explanation along with the other testimony in the case on the question of a reasonable doubt." *Holliday* v. *State*, 23 *Ga. App.* 400 (98 S. E. 386), and authorities there cited.

3. Complaint is made of the following charge: "All of those questions are for you to determine, but if the explanation made is consistent with the hypothesis of innocence, or with innocence, if you believe it to be true, why you wouldn't be authorized to find a verdict of guilty on the fact that he was found in the recent possession of the property shown to have been stolen." Under the facts of the case, conceding that the judge in this charge assumed that the cow (the subject-matter of the larceny charged) had been stolen, a new trial is not required, since this fact was established by the undisputed evidence, and not denied, but virtually treated as true, by the defendant in his statement to the jury. The undisputed evidence showed that the prosecutor's cow had been stolen by some one, and that shortly thereafter it was found in the possession of the defendant, and there was nothing in the defendant's statement to dispute this evidence; but his defense rested *solely* upon the contention that *he* did not participate in the theft, but had bought the cow not knowing that it was stolen property.

Under these circumstances the provisions of the so-called "dumb act" (Penal Code, § 1058; Civil Code, § 4863) were not violated by the judge in assuming that the property had been stolen by someone before it came into the defendant's possession. *Marshall* v. *Morris,* 16 *Ga.* 368; *Springfield* v. *State,* 125 *Ga.* 281 (54 S. E. 172); *Robinson* v. *State,* 129 *Ga.* 336 (58 S. E. 842); *Georgia, Florida & Alabama Ry. Co.* v. *Jernigan,* 128 *Ga.* 501 (57 S. E. 791); *Jones* v. *State,* 130 *Ga.* 274 (60 S. E. 840); *Taylor* v. *State,* 135 *Ga.* 622 (8) (70 S. E. 237); *Callahan* v. *State,* 14 *Ga. App.* 442 (2) (81 S. E. 380); *Wilson* v. *State,* 15 *Ga. App.* 632 (5) (84 S. E. 81); *Sistrunk* v. *State,* 18 *Ga. App.* 42 (5) (88 S. E. 796); *Gallaher* v. *State,* 22 *Ga. App.* 640 (97 S. E. 97).

4. "While in every criminal case, where it is sought to show the guilt of the defendant by circumstantial evidence alone, the jury should be instructed and cautioned that he should not be convicted on circumstantial evidence, unless the proven facts exclude every possible reasonable hypothesis save the guilt of the defendant,

still it is immaterial what language is employed to convey this instruction. If all possible hypotheses arising from the circumstantial evidence which are favorable to the defendant be presented in concrete statement to the jury, and the jury are told that if they believe any one of these hypotheses the defendant should be acquitted, the principle above referred to would be sufficiently presented. And where, as in the present case, only two inferences can be drawn from the evidence,—the one of innocence, and the other of guilt,—and the hypothesis consistent with innocence is fully and fairly stated to the jury, and the jury are instructed that if they are satisfied that the hypothesis consistent with innocence is true, or if they have a reasonable doubt as to its truth, the defendant should be acquitted, the rule above stated is substantially complied with." *Mangum* v. *State,* 5 *Ga. App.* 445 (2) (63 S. E. 543) ; *Barrow* v. *State,* 80 *Ga.* 191 (3) (5 S. E. 64) ; *Richards* v. *State,* 102 *Ga.* 569 (27 S. E. 726) ; *Jones* v. *State,* 105 *Ga.* 649 (31 S. E. 574) ; *Bush* v. *State,* 23 *Ga. App.* 126 (97 S. E. 554) ; *Reynolds* v. *State,* 23 *Ga. App.* 369 (98 S. E. 246). Especially is this true where the judge fully instructs the jury upon the subjects of a reasonable doubt and the presumption of innocence.

5. The verdict was authorized by the evidence, and the court did not err in overruling the motion for a new trial.

*Judgment affirmed. Bloodworth, J., concurs. Stephens, J., dissents.*

STEPHENS, J., dissenting. The defendant was tried for the larceny of a cow. The State relied for a conviction upon the recent possession by the defendant, unsatisfactorily explained, of the cow alleged and claimed to have been stolen. Among other things, the defendant, in his motion for a new trial, excepted to an alleged expression of opinion upon the facts by the trial judge, which the defendant contends necessitates the granting of a new trial. The excerpt complained of is as follows: "All of those questions are for you to determine, but if the explanation made is consistent with the hypothesis of innocence, or with innocence, if you believe it to be true, why you wouldn't be authorized to find a verdict of guilty on the fact that he was found in the recent possession of the property shown to have been stolen." It is contended that this charge was error in that the judge stated as a fact that the property was shown to have been stolen, and also stated as a fact that the

property alleged to have been stolen was in fact found in the possession of the defendant.

While it is true, as Judge Bleckley says in *Yarborough* v. *State*, 86 *Ga.* 396 (2) (12 S. E. 650), that "To declare the law applicable to a given state of facts is no expression or intimation of opinion as to whether any of the facts referred to do or do not exist in the case on trial," yet "when the charge of the court assumes certain things as facts, and is in such shape as to intimate to the jury what the judge believes the evidence to be, and that they made defendant guilty, a new trial will be granted." *Whitley* v. *State*, 38 *Ga.* 50 (4). To ascertain the true meaning of this excerpt, and to determine whether or not the expression referred to amounts to an expression of opinion, it is necessary to consider it in connection with the entire charge, and particularly with reference to all of that part of the charge dealing with presumption of guilt arising from recent unsatisfactorily explained possession of the property alleged to have been stolen. That the entire charge may be considered in properly arriving at the construction of the excerpt complained of is a sound principle of hermeneutics. See, in this connection, *Hanvey* v. *State*, 68 *Ga.* 615; *Moon* v. *State*, 68 *Ga.* 697. The only conclusion that can be drawn from a consideration of the entire charge is that the trial judge expressed and intimated, in the excerpt complained of, an opinion on the facts as claimed by the defendant. The other portions of the charge shedding light upon this question are as follows: "Now the defendant in this case, gentlemen, sets up in his defense that the particular cow alleged in this indictment was purchased by him from one John Johnson, and that his connection with that cow came about in that way,—in other words, the question of the recent possession of property *shown to have been stolen,* the defendant accounts for this possession by showing or undertaking to show that his possession and connection with it came about by buying it from another party. Now I charge you the law concerning the recent possession: where a larceny is shown to have been committed, that is to say, where the principal fact that a larceny has been committed, and a person is found to have been in the recent possession of the goods that were stolen, why that possession creates a presumption of fact which would authorize the jury to convict, if the possession is not satisfactorily explained to the jury. . . Where

the explanation is made consistent with innocence and the jury believe it, the fact that a person is in possession of it is no presumption that he is the person who stole the property alleged to have been stolen. Now, you are the judges of the fact of the recent possession and of the explanation of that possession, that is a question for you to determine, and the truthfulness of the explanation and all of those things are questions for you to determine. . . If you believe from the evidence and the explanation, if you believe that that explanation was consistent with innocence, and you believe that explanation, if it is satisfactory to you, why then you would not be authorized to find a verdict of guilty in the case. If you are not entirely satisfied as to the explanation, you may consider that explanation along with the other testimony in the case on the question of a reasonable doubt, and give the testimony such weight in determining the guilt or the innocence of the prisoner at the bar, beyond a reasonable doubt. [Here follows the excerpt complained of.] All of those questions are for you to determine; but if the explanation made is consistent with the hypothesis of innocence, or with innocence, if you believe it to be true, why you wouldn't be authorized to find a verdict of guilty *on the fact that he was found in the recent possession of the property shown to have been stolen.* If, on the other hand, you do not believe that the explanation is the truth of the case, why then the recent possession of the goods *shown to have been stolen* would be a circumstance from which you would be authorized under the law to infer guilt, if not satisfactorily explained. . . Now, gentlemen, in your consideration of this case, you are to look to the allegations in the indictment, and if you find that the defendant T. Y. Davis, in the county of Liberty and State of Georgia, on the first day of April, 1917, or within four years prior to the date this indictment was found,—I say you are to look to the indictment and evidence and find, beyond a reasonable doubt, that T. Y. Davis, in the county of Liberty and State of Georgia, on the date alleged in the indictment or within four years prior to the finding of the bill of indictment, unlawfully, wrongfully, and fraudulently took and carried away, with intent to steal it, one yellow butt-headed cow of the value of $25, or some other value, the property of H. D. Quinnip, if you find all of these facts to exist under the evidence, beyond a reasonable

doubt, why then, gentlemen of the jury, it would be your duty to find the defendant guilty, *but if under the evidence and law as given you in charge you find that the defendant has satisfactorily explained his connection with it, you would not be authorized to find the defendant guilty.* If, after considering all the facts and circumstances of the case, you have a reasonable doubt of his guilt, it would be your duty to give him the benefit of the doubt and acquit him. You may retire." [Italics mine.]

Nowhere did the judge submit to the jury the issue whether or not the cow had been stolen. This was a most essential fact in the case. It was the corpus delicti. While the failure of the judge to so charge is not complained of, it is to be considered in determining what impression the charge must have made upon the jury, and as demonstrating the fact that the whole tenor of the charge assumed that the cow in question had, as a matter of fact, been stolen, and the jury could but infer that the judge was of the opinion that the cow in question had, as a matter of fact, been stolen. As evidence that the charge eliminated from the jury a consideration of any issue as to whether or not the cow in question had been stolen, and narrowed the consideration of the case to the question of recent possession, attention is called to the final expression in the charge, before the jury retired, in which the judge stated: *"If, under the evidence and the law as given you in charge, you find that the defendant has satisfactorily explained his connection with it* [with what? Necessarily the *stolen* cow], *you would not be authorized to find the defendant guilty."* [Italics mine.]

As to what constitutes an expression of opinion on the facts, see the following from the opinion of Judge Bleckley, in *Kinnebrew v. State,* 80 *Ga.* 232, 239 (5 S. E. 59): "No doubt there is danger of intimating an opinion, or leading the jury to think that an opinion is intimated, though the purpose be only to discriminate between legal and logical sufficiency; and this danger is not lessened, but rather increased, by the fact that in most instances the one kind of sufficiency exists wherever the other does. But danger is no interdict on duty, and a charge is not erroneous for pointing out that the jury are authorized to infer one thus-and-so from another thus-and-so, *provided they believe from the evidence that the first thus-and-so is established,*

and provided they further believe that the second thus-and-so is a reasonable and proper inference to be drawn from the first." [Italics mine.] See also *Pitts* v. *State,* 15 *Ga. App.* 436 (2) (83 S. E. 673) ; *Henderson* v. *State,* 14 *Ga. App.* 672 (82 S. E. 61) ; *Davis* v. *State,* 91 *Ga.* 167 (2) (17 S. E. 292) ; *Holtzendorff* v. *DeRenne,* 129 *Ga.* 226 (58 S. E. 710) ; *Rawls* v. *State,* 97 *Ga.* 186 (22 S. E. 529) ; *Kittles* v. *State,* 145 *Ga.* 6 (3) (88 S. E. 197).

While the defendant's main line of defense was that he bought the cow in question from someone other than the alleged owner, and in his statement to the jury he confined himself largely to this issue, and did not expressly deny that the cow had been stolen as alleged, it is contended here that his failure thus to deny the allegation of the theft of the cow amounted to an admission on his part of the alleged larceny as a matter of fact, and that, if the trial judge intimated or expressed an opinion as to the truth of such allegation, it was harmless and the defendant cannot now complain. This contention, is untenable. When the trial judge in his charge to the jury expresses an opinion on what has or has not been proved, it is mandatory on this court to set the verdict aside, regardless of any view which we may entertain as to the harmless effect of the charge. Penal Code, §1098, and *Phillips* v. *Williams,* 39 *Ga.* 597. While it has been held that the inhibition upon the trial judge expressing or intimating an opinion upon the facts applies only to incidents where the alleged fact is in dispute and about which the parties are at issue, it has been held that in a criminal case, even though the testimony offered in behalf of conviction is undisputed and uncontradicted by other testimony, every allegation in the indictment and the evidence offered in support of it are put in issue by the defendant's plea of not guilty. In determining whether the parties are at issue upon any alleged fact the rule in criminal cases is different from that in civil cases, due to the differences in pleading and other fundamental differences between the two classes of cases. In a criminal case the defendant's plea of not guilty denies every allegation in the indictment against him, as well as the case made under the evidence, though uncontradicted by other testimony. The defendant is presumed to be innocent, and this presumption remains with him throughout the trial. His plea of not guilty and this presumption of innocence, therefore, continue throughout the entire trial to challenge and

deny the case of the State alleged in the indictment and made by the evidence. Where there is no admission in judicio, an issue of fact is made upon every allegation in the indictment and the evidence offered to sustain it. In *Phillips* v. *State,* 131 *Ga.* 426 (62 S. E. 239), it was held: "The defendant's plea of not guilty put in issue every material allegation in the bill of indictment charging him with the offense of murder." In *Cooper* v. *State,* 2 *Ga. App.* 730 (59 S. E. 20), it was held that "A plea of not guilty by one accused of crime is an express contention on his part antagonistic to every fact necessary to be proved by the State in order to establish his guilt; and unless the accused admits one or more of the facts which it devolves upon the State to prove, such fact must be established by evidence. To assume that an important fact in the case on trial has been admitted, and to so instruct the jury when no such admission has been made, is reversible error." In *Southern Express Co.* v. *State,* 1 *Ga. App.* 700 (58 S. E. 67), it was held that "To assume in a criminal case that the testimony for the State is the truth, though such testimony be not contradicted by evidence for the defendant, and to charge the jury that such testimony is the truth and that there is no contention to the contrary, is violative of section 4334 of the Civil Code [Civil Code of 1910, § 4863; Penal Code, § 1058], and demands a new trial. The plea of not guilty filed by the defendant is a contention on his part as to every material and essential fact necessary to establish his guilt, and implies a denial of every such fact."

In the case of *Young* v. *State,* 125 *Ga.* 584 (54 S. E. 82), the accused made a statement in which he in so many words admitted that there had been a homicide, making no reference, however, either by way of admission or denial, to the manner in which such homicide was committed, but resting his defense solely upon an alibi. The Supreme Court in that case held that "The indictment having alleged that the deceased was murdered by the use of a gun, these were material and essential averments, and the defendant's plea of not guilty put both of them in issue. There was nothing in the evidence or the prisoner's statement, nor was there any admission by his counsel, which authorized a charge to the effect that the defendant's contention was that while there was a homicide, and while the deceased was killed with a gun and under

circumstances which may show an unlawful killing, he was not the person who perpetrated the offense, and that he did not commit the homicide or fire the gun that killed the deceased; and that the jury would be relieved to some extent in their investigation of the questions that ordinarily arise in criminal cases. This charge requires a reversal." From the opinion of the court, beginning on page 587, the following is taken: "The court charged the jury as follows: 'His [defendant's] contention is that while there was a homicide, while Gus King was killed with a gun and under circumstances which may show it was an unlawful killing and was murder, that he was not the person that perpetrated the offense, that committed the homicide, that he did not fire the gun that took the life of Gus King; and you would be relieved to some extent in your investigation of the questions that ordinarily arise in criminal cases. There is no dispute in this case that the homicide was committed. There is no dispute that Gus King was killed, and killed with the gun, as charged in the bill of indictment. These facts are not disputed facts in this case. The main question for the determination of the jury in this case, the real question for your determination, relates to the identity of the person who took the life of Gus King. The question for your determination in this case is whether or not the defendant now on trial was the person that fired the gun, as charged in this indictment,—that took the life of Gus King.' The defendant excepts to that charge and assigns error thereon, among other things, for the reason that there was no admission by the defendant or his counsel that the deceased was murdered, or killed with a gun, or that it was an unlawful killing. There is nothing in the record which pretends that counsel for the accused admitted on the trial the things mentioned in the charge as not being in issue. The only words in the defendant's statement tending to admit those things are as follows: 'Anybody that knows directly how that man was killed, they killed him. . . Aus Hardy did not know that man was killed unless he killed him himself. . . It is impossible for me to tell how that man was killed.' The most that could be said of these words is that they could be construed into an admission that the defendant was killed. There is no admission that the killing was under such circumstances as to make the homicide murder, nor do they admit that the homicide was accomplished by the use of a gun. It was

alleged in the indictment that the deceased was murdered by the use of a 'gun.' These were material and essential averments in the indictment. The defendant's plea of not guilty put both of them in issue. Being placed in issue there was no way to avoid the issue, except by withdrawal by the defendant personally, or by his counsel for him. There was no such withdrawal; and the court in so instructing the jury as to withdraw from them the determination of those issues committed error. The court may have been of the opinion that the evidence in the case was overwhelmingly against the defendant on these issues, but such would not have authorized him to withdraw the issues from consideration of the jury. If the court could withdraw these issues, there is no principle which would prevent the withdrawal of any other issue in the case. It may as well be said that all issues may be withdrawn, and that where the court thought the evidence demanded the conviction of the defendant, the court could direct a verdict of guilty. It will hardly be contended that this could be done in any criminal case, in the absence of a statute. Certainly it could not be in a felony case, with or without a statute."

While there was a dissent in the *Young* case just referred to, the dissenting opinion called attention to the defendant's statement, wherein he said that "that man [meaning deceased] was killed. They killed him;" and in the opinion it was said that "the evidence, while circumstantial, pointed to the accused as the perpetrator with a certainty which authorized the verdict of the jury," and that "this is the third conviction of the defendant for the same offense."

In *Ryder* v. *State,* 100 *Ga.* 528 (9) (28 S. E. 246, 38 L. R. A. 721, 62 Am. St. R. 334), the Supreme Court held: "The court in some of its instructions referred to the homicide as 'the act which the accused had committed' and thus at least intimated an opinion that the killing was done by him; and although many of the requests to charge practically conceded that this was true, yet as it was not distinctly admitted that the accused did commit the homicide, expressions embracing such language as that above quoted should not have been used." While the charge there was held to be error, the court held that it was not sufficient to authorize the granting of a new trial, since counsel for the accused had, in a written request to charge, which was refused, sought to induce

the trial judge to use the language complained of. See page 537. The judgment was reversed, however. In that case apparently no statement was made by the defendant. This fact, however, does not affect the principle of law invoked. The *Young* and *Ryder* cases have never been overruled or departed from by the Supreme. Court. The civil cases, for reasons already stated, are not authority upon this proposition. Besides, the cases of *Springfield, Robinson,* and *Taylor,* relied on in the majority opinion, are cases in which the defendant in his statement made some declaration that was equivalent to an admission of the alleged fact concerning which the trial judge was alleged to have expressed or intimated an opinion. See *Springfield* v. *State,* .125 *Ga.* 281 (54 S. E. 172); *Robinson* v. *State,* 129 *Ga.* 336 (58 S. E. 842); *Taylor* v. *State,* 135 *Ga.* 622 (70 S. E. 237). In *Jones* v. *State,* 130 *Ga.* 274 (60 S. E. 840), it was held, that, as the defendant's own evidence proved a certain fact, he could not complain that the judge, in the charge to the jury, stated such fact as true. Here there was also a dissenting opinion. The reasoning contained in the dissenting opinion, on page 288, is, in my opinion, the better view.

There was nothing in the defendant's statement in the case at bar that can be construed into an admission that the cow had been stolen. He did state something to the effect that he had some suspicion about the title to the cow when he bought it, but this can hardly be considered as admitting a larceny. Neither did the defendant's evidence prove larceny. The instant case therefore does not fall within the ruling of the majority of the court in *Jones* v. *State,* supra.

Since there was an issue made by the pleadings, which was not removed by an admission upon the part of the defendant or his counsel, or defendant's evidence, upon the question whether or not the cow found in defendant's possession had been stolen, it was error for the trial judge to express or intimate an opinion upon this issue.

The defendant's conviction depended entirely upon circumstantial evidence. It necessarily depended upon the inference that he was the alleged thief, drawn from the circumstance, if true, that he was in the recent possession of a stolen cow, which possession was unsatisfactorily explained by him. It was therefore error on the part of the trial judge to fail, even in the absence of a request,

to charge the law relative to the degree of proof necessary to convict upon circumstantial evidence. *Kinard* v. *State,* 19 *Ga. App.* 624 (91 S. E. 941); *Harris* v. *State,* 18 *Ga. App.* 710 (90 S. E. 370). See my views upon this question and criticisms upon the cases relied on by the majority of the court, expressed in *Reynolds* v. *State,* 23 *Ga. App.* 369 (98 S. E. 246). To authorize a conviction upon circumstantial evidence the evidence must "exclude every other reasonable hypothesis save that of the guilt of the accused." Penal Code, §1010. Assuming that the trial judge, in every case where a conviction must depend entirely upon circumstantial evidence, whether the evidence convincingly establishes a defendant's guilt, or is weak and doubtful, fully complies with his duty in respect to charging the law relative to the degree of proof necessary to convict upon such evidence when he properly submits to the jury the law relative to all of the hypotheses of innocence, he failed in this case to submit to the jury the hypothesis of the defendant's innocence based upon the fact that no larceny at all has been proved. It is conceivable that a jury might be inclined for some reason to discredit the testimony of the sole witness relied upon by the State for a conviction, even though this testimony be disputed only by defendant's plea of not guilty, and not by other testimony, but would, upon the trial judge's intimation or assumption that the fact solely testified to by this witness was the truth, yield to this opinion out of implicit confidence in, and respect which the jury might have for, the trial judge and his ability after long experience in the trial of cases to correctly determine the truth of testimony and the credibility of witnesses. Under the *Mangum* and *Bush* cases cited by the majority of the court, it is stated that "if all possible hypotheses arising from the circumstantial evidence which are favorable to the defendant be presented in concrete statement to the jury, and the jury told that if they believe any one of these hypotheses the defendant should be acquitted, the principle above referred to [i. e. the law relative to circumstantial evidence] would be sufficiently presented." In the present case all of the hypotheses favorable to the defendant were not presented, and the charge failed to measure up to the rule laid down in the *Mangum* and *Bush* cases.

Without passing upon the other questions raised, I am of the opinion that, for the foregoing reasons, the judgment should be reversed and a new trial granted.