## 17851. PRUITT v. THE STATE.

1. "There being nothing in the evidence or in the defendant's statement to dispute the fact that the alleged crime was committed, and his defense resting solely upon the contention that he did not participate in the offense, the court, in charging the jury, did not violate the provisions of the code (Penal Code, § 1058; Civil Code, § 4863) in assuming that a crime had been committed."

2. There is evidence to support the verdict.

     DECIDED APRIL 12, 1927. REHEARING DENIED MAY 11, 1927.

Larceny of automobile; from Bibb superior court—Judge Mathews. November 27, 1926.

*Wallace & Wallace,* for plaintiff in error.

*Charles H. Garrett, solicitor-general,* contra.

BLOODWORTH, J. The only special ground of the motion for a new trial is as follows: "Because upon the trial of said case the court erred in charging the jury as follows: 'Now, in this case, was the defendant Philpot involved in the enterprise of stealing this automobile, and has he testified against the defendant who is charged with the larceny of the same automobile; if so, then the rule as to accomplices and the weight to be given their testimony in the case would be governed by the rule which I have given you. If Philpot was an accomplice with stealing the automobile with whoever stole it, then his testimony that this defendant was implicated in stealing the automobile would be subject to that rule, and you would not be authorized to convict this defendant on his testimony, because the law says the testimony of an accomplice is insufficient.'" This part of the charge is alleged to be error on the following grounds: "(a) That the court tells the jury therein that said automobile was stolen. (b) That therein the court intimates and expresses an opinion that said automobile had been stolen. (c) Because the court intimates an opinion that there was an enterprise involving the stealing of said automobile. (d) Because the court expressed an opinion that the evidence of Philpot showed that the defendant Pruitt was implicated in stealing said automobile."

In his instructions to the jury the judge properly left to them the determination of the question whether certain of the codefendants were accomplices. *Hargrove* v. *State,* 125 *Ga.* 270 (54 S. E. 164); *Hays* v. *State,* 9 *Ga. App.* 829 (72 S. E. 285). There is

Criminal Law, 16 C. J. p. 928, n. 79; p. 950, n. 3; p. 1180, n. 74.

evidence which would authorize the jury to find that Holt, one of the defendants, was not an accomplice (*Springer* v. *State,* 102 *Ga.* 447 (1, 2), 451, 30 S. E. 971), and upon this theory his evidence, together with that of the other witnesses, left no issue as to whether or not the automobile alleged to have been stolen was in fact stolen, or that Philpot was "involved in the enterprise of stealing this automobile." "Where a particular act is established by uncontradicted evidence, it is not error for the judge to assume or intimate that the fact has been proved. *Shields* v. *Ga. Ry. & El. Co.,* 1 *Ga. App.* 172 (57 S. E. 980) ; *Fitzgerald Oil Co.* v. *Farmers Supply Co.,* 3 *Ga. App.* 217 (59 S. E. 713)." *Dexter Banking Co.* v. *McCook,* 7 *Ga. App.* 436 (67 S. E. 113). See *Flowers* v. *Faughnan,* 31 *Ga. App.* 364 (2) (120 S. E. 670) ; *Jones* v. *Wall,* 22 *Ga. App.* 513 (2) (96 S. E. 344). The 3d headnote in *Thomas* v. *State,* 27 *Ga. App.* 38 (107 S. E. 418), is as follows: "The section of the code which prohibits the trial judge from expressing or intimating his opinion as to what has or has not been proved 'refers to the expression or intimation of an opinion touching some fact at issue involved in the case, and not to something that is conceded by both parties.' " See cases cited in the opinion, on page 40 (3). In *Callahan* v. *State,* 14 *Ga. App.* 442 (2) (81 S. E. 380), this court held: "There being nothing in the evidence or in the defendant's statement to dispute the fact that the alleged crime was committed, and his defense resting solely upon the contention that he did not participate in the offense, the court, in charging the jury, did not violate the provisions of the code (Penal Code, § 1058, Civil Code, § 4863) in assuming that a crime had been committed." As in that case, so in this one, there is "nothing in the evidence or in the defendant's statement to dispute the fact that the alleged crime was committed." In *Davis* v. *State,* 24 *Ga. App.* 35 (3) (100 S. E. 50), Presiding Judge Broyles said: "Complaint is made of the following charge: 'All of those questions are for you to determine, but if the explanation made is consistent with the hypothesis of innocence, or with innocence, if you believe it to be true, why you wouldn't be authorized to find a verdict of guilty on the fact that he was found in the recent possession of the property shown to have been stolen.' Under the facts of the case, conceding that the judge in his charge assumed that the cow (the subject-matter of the larceny charged)

had been stolen, a new trial is not required, since this fact was established by the undisputed evidence, and not denied, but virtually treated as true, by the defendant in his statement to the jury. The undisputed evidence showed that the prosecutor's cow had been stolen by some one, and that shortly thereafter it was found in the possession of the defendant, and there was nothing in the defendant's statement to dispute this evidence; but his defense rested *solely* upon the contention that *he* did not participate in the theft, but had bought the cow not knowing that it was stolen property. Under these circumstances the provisions of the so-called 'dumb act' (Penal Code, § 1058; Civil Code, § 4863) were not violated by the judge in assuming that the property had been stolen by some one before it came into the defendant's possession. *Marshall* v. *Morris*, 16 *Ga.* 368; *Springfield* v. *State*, 125 *Ga.* 281 (54 S. E. 172); *Robinson* v. *State*, 129 *Ga.* 336 ('58 S. E. 842); *Ga., Fla. & Ala. Ry. Co.* v. *Jernigan*, 128 *Ga.* 501 (57 S. E. 791); *Jones* v. *State*, 130 *Ga.* 274 (60 S. E. 840); *Taylor* v. *State*, 135 *Ga.* 622 (8) (70 S. E. 237); *Callahan* v. *State*, 14 *Ga. App.* 442 (2) (81 S. E. 380); *Wilson* v. *State*, 15 *Ga. App.* 632 (5) (84 S. E. 81)·; *Sistrunk* v. *State*, 18 *Ga. App.* 42 (5) (88 S. E. 796); *Gallaher* v. *State*, 22 *Ga. App.* 640 (97 S. E. 97)." See also *Miller* v. *State*, 151 *Ga.* 711 (7). In the light of the facts, the principles announced in the foregoing decisions, and the entire instructions given the jury, there is in the excerpt from the charge nothing that requires a reversal of the judgment.

There is evidence to support the verdict, which has the approval of the judge who tried the case, and the motion for a new trial was properly overruled.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*