27007.  LASTINGER *v.* THE STATE.

DECIDED SEPTEMBER 7, 1938.

*E. O. Blalock, L. A. Hargreaves,* for plaintiff in error.

*H. C. Morgan, John S. Gibson, solicitors-general,* contra.

BROYLES, C. J.  The accused was convicted of the offense of voluntary manslaughter.  In the motion for new trial complaint is made of the following excerpt from the charge to the jury: "The defendant in this case contends that he killed the deceased to protect himself.  He contends that it was necessary, or appeared to him as a reasonable man to be necessary, for him to kill the deceased to protect his own life, or to protect himself from the commission of a felony on him by the deceased.  He contends that the killing was justifiable, and that he is not guilty of any offense under the law."  The charge is excepted to on the ground that it constituted an expression of opinion by the court that the defendant killed the deceased, and had admitted the killing; whereas the defendant had made no such admission.  It is true that the defendant in his statement to the jury did not say that he killed the deceased, or even that the deceased was dead, but he did admit

that he and the deceased quarreled, and that he struck the deceased with a stick; and he did not *deny* the uncontradicted evidence for the State that the deceased was dead, and that his death resulted from the wounds inflicted on him by the accused. Furthermore, the judge, in a note attached to the motion for new trial, states: "Counsel for defendant, L. A. Hargreaves, in his argument to the jury stated that the defendant was absolutely justified under the law in killing the deceased to protect his own life and to prevent the commission of a felony upon his person, and the jury should acquit him." There being nothing in the evidence or in the defendant's statement to dispute the fact, shown by the uncontradicted evidence, that the deceased was dead and was killed by the defendant, and his defense, as shown by the record, resting solely on the theory of a justifiable homicide, the court in his charge did not violate Code, § 81-1104 in assuming that the deceased was dead and had been killed by the defendant. *Callahan* v. *State,* 14 *Ga. App.* 442 (2) (81 S. E. 380); *Pruitt* v. *State,* 36 *Ga. App.* 736 (138 S. E. 251); *Davis* v. *State,* 24 *Ga. App.* 35 (3), 37 (100 S. E. 50), and cit. "Where a fact is established by undisputed evidence, it is not error for the judge, in his charge to the jury, to assume or intimate that the fact has been proved." *Dexter Banking Co.* v. *McCook,* 7 *Ga. App.* 436 (67 S. E. 113); *Pruitt* v. *State,* supra.

Of course, the defendant by his plea of not guilty denied every material allegation in the indictment, and it then devolved upon the State to prove by evidence every such allegation; and where the judge inadvertently and erroneously stated in his charge that a certain material allegation had been admitted by the defendant, such error would require a new trial except for the fact that the evidence for the State (uncontradicted by any other evidence or by the defendant's statement), demanded a finding that the allegation had been proved. Moreover, as hereinbefore stated, the note of the judge shows that counsel for the accused in his argument to the jury impliedly admitted that the defendant killed the deceased, and that his argument for his client's acquittal was based solely on the ground of a justifiable homicide. "It is not error in the court to state a fact, as a fact, to the jury, which is admitted by counsel in defense, and on which there is no issue." *Johnson* v. *State,* 30 *Ga.* 426 (5); *Jones* v. *State,* 130 *Ga.* 274, 286 (60 S.

E. 840), and cit. Under the evidence, the defendant's statement, and the implied admission of his counsel in the instant case, there was no issue raised as to whether the deceased was dead or as to whether he. was killed by the accused. The only issue was as to whether the killing was murder, manslaughter, or justifiable homicide. We think that the particular facts of this case differentiate it from the cases cited in the brief for the plaintiff in error, and that the charge under consideration was not *reversible* error for any reason assigned.

The remaining special ground of the motion (complaining of another excerpt from the charge), is controlled, in principle, by the preceding ruling. The verdict was amply authorized by the evidence.

> *Judgment affirmed. MacIntyre and Guerry, JJ., concur.*