LEDFORD *vs.* THE STATE OF GEORGIA.

1. A third cousin of the prosecutor in a criminal case is not a qualified juror; and the fact of the relationship being unknown to the defendant until after the trial, it furnished a good ground for a motion for new trial.

2. It will not prevent a new trial for the juror who was akin to the prosecutor to assert that he did not know of the relationship until after the trial.

3. Although the burden of establishing an *alibi*, as such, to the satisfaction of the jury, rested on the defendant, who set up *alibi* as a defence, and on that issue reasonable doubts would not avail him, yet, on the final issue of guilty or not guilty, all the evidence is for the consideration of the jury, and it is for them to say whether, from all of the evidence, the defendant is guilty beyond a reasonable doubt. And a charge which excluded all the evidence concerning the *alibi* from being weighed by the jury on the subject of reasonable doubts of defendant's guilt, on the issue of guilty or not guilty, was error.

October 13, 1885.

Ledford *vs.* The State of Georgia.

Criminal Law. Jury and Jurors. *Alibi.* Before Judge ESTES. White Superior Court. April Term, 1885.

Ledford, with others, was indicted for riot, and on his trial was convicted. He moved for a new trial, on the following among other grounds :

. (1.) Because the verdict was contrary to law and evidence.

(2.) Because the court charged as follows: " The defendant, gentlemen, sets up the defence of *alibi*, which is a complete defence when made out. The word means elsewhere. Of course, if the defendant was not there, he could not be guilty. To establish the defence of an *alibi*, you must be satisfied from the evidence that it was physically impossible for the defendant to have been at the scene of the crime, if any was committed, at the time of the commission of the crime; and if you are not so satisfied, you will consider it no further."

(3.) Because one of the jurors was related to the prosecutrix in the second (?) degree, which was unknown to the party defendant until after the trial. [The affidavits of the defendant and his counsel were introduced to show want of knowledge. Another person made affidavit that the juror was a third cousin of the prosecutrix. The judge caused the juror to be examined on oath, and he stated that he did not know of the relationship until after the verdict.]

The motion was overruled, and the defendant excepted.

WIER BOYD; J. J. KIMSEY, for plaintiff in error.

· W. S. ERWIN, solicitor general, by FRANK L. HARALSON; C. H. SUTTON, for the state.

JACKSON, Chief Justice.

. 1. The juror was disqualified, being a third cousin and within the ninth degree, which fact was unknown to the defendant and his counsel till after the trial. A kinsman

of the prosecutor will be disqualified, though the state is the party.

2. It would be too dangerous a precedent to allow the juror to assert that he was ignorant of the relationship till after trial, too. The principle on which the law rejects him is that he is not impartial; the same objection lies to his assertion that he was ignorant of the relationship at the time of the trial, after he had assisted in the conviction.

3. The charge excluded all the evidence about the *alibi* from being weighed by the jury on the subject of reasonable doubts of defendant's guilt, on the issue of guilty or not guilty of the riot. Though the burden was the defendant's to show *alibi* to the satisfaction of the jury, and on that issue reasonable doubts would not avail him, yet, on the final issue of guilty or not guilty of the riot, all the evidence is for the consideration of the jury, and it is for them to say whether, from all of it, he is guilty beyond a reasonable doubt. See 3 Blackstone, 363; 65 *Ga.*, 304; 74 *Id.*, 833, 393; 70 *Id.*, 651 · 59 *Id.*, 142.

Judgment reversed.