## RAYSOR *v.* THE STATE.

In every criminal case the burden of proof is on the State to establish the guilt of the accused beyond a reasonable doubt. Under the special facts of this case (where it was admitted in open court that the only issue was the identity of the accused as the actual perpetrator of the crime), the court's instruction on the law of alibi was suscepti-

ble of being understood by the jury as relieving the State from proving the defendant's connection with the crime charged beyond a reasonable doubt.

Argued February 15,—Decided February 26, 1909.

Indictment for murder. Before Judge Parker. Camden superior court. December 21, 1908.

*Robert L. Colding,* for plaintiff in error. *John C. Hart, attorney-general,* and *John W. Bennett, solicitor-general,* contra.

EVANS, P. J. Ed Raysor was convicted of the murder of G. M. Kirkland. The homicide occurred about dusk on the afternoon of March 18, 1908. Late in the afternoon of that day a negro man, a stranger in the community, was arrested for misplacing a switch on the railroad near the station of Kingsland, in Camden county. He was carried before a magistrate, bound over to answer the offense of carrying a concealed weapon, and committed to the custody of the deceased. The deceased took the person in his custody to an artesian well, and while the deceased was drinking water, the man in his custody suddenly snatched a pistol from the pocket of the deceased, and shot him. A few days thereafter the defendant was arrested in Savannah, Georgia, and brought to Camden county, where he was indicted and tried for the murder of Mr. Kirkland. On the trial the State introduced testimony tending to identify the defendant as the slayer. The defendant submitted testimony tending to prove that he was in Savannah at the time of the homicide, and that he was a man of good character. In his motion for a new trial the defendant complained that the court erred in charging on the subject of alibi. One of the instructions complained of was as follows: "Whenever alibi is set up as a defense by a defendant, the burden is upon him to prove his defense to the reasonable satisfaction of the jury; so that is a matter for you to determine from the evidence." The error of this charge is alleged to consist in failing to further charge the jury that any evidence whatever of alibi should be considered on the general case with the rest of the tesimony, and, if a reasonable doubt of guilt be raised by the evidence as a whole, the doubt must be given in favor of innocence. The court also charged, "If you find the defendant's contention is true and that this alibi has been established—that is that at the time of this homicide this defendant was, as is claimed by him, in the city

of Savannah, that then he could not be the person who did the killing, regardless of the fact whether or not any murder was committed. This defendant could not be convicted, because in that event he would not be guilty, and it would be your duty to acquit him." The error alleged in this charge is that the court should have instructed the jury in connection therewith that any evidence of alibi should be considered on the general case with the rest of the testimony, and, if a reasonable doubt be raised by the evidence as a whole, the doubt should be given in favor of innocence.

In *Harrison* v. *State*, 83 *Ga.* 130 (9 S. E. 542), Bleckley, C. J., after examining the prior adjudications of this court, formulated the rule on the subject of alibi as a defense as follows: "Touching alibi, the rule in Georgia as established by authority consists of two branches. The first is, that, to overcome proof of guilt strong enough to exclude all reasonable doubt, the onus is on the accused to verify his alleged alibi, not beyond a reasonable doubt, but to the reasonable satisfaction of the jury. The second is, that, nevertheless, any evidence whatever of alibi is to be considered on the general case with the rest of the testimony, and if a reasonable doubt of guilt be raised by the evidence as a whole, the doubt must be given in favor of innocence." And this court has since then refused to grant new trials on charges modeled on this analysis of the rule. *Miles* v. *State*, 93 *Ga.* 120 (19 S. E. 805, 44 Am. St. R. 140); *Henderson* v. *State*, 120 *Ga.* 506 (48 S. E. 167). The criticism of the charges sub judice goes to the point that the court failed to instruct the jury that evidence introduced to establish the defense of alibi should be considered on the general case with the rest of the evidence, and that if a reasonable doubt of guilt be raised by the evidence as a whole, the doubt must be given in favor of innocence. Every instruction in a criminal case should make clear that the burden is on the prosecution to prove the defendant's guilt of the crime charged beyond a reasonable doubt; and especially should there be no relaxation of the rule in cases where the defense of alibi is involved, and the jury are instructed that the onus is on the accused to prove his alleged alibi to their reasonable satisfaction. There should never be any confusion in the charge in presenting the distinction between the burden resting upon the State to prove the

defendant's guilt beyond a reasonable doubt, and the burden of the accused to verify his alleged alibi to the reasonable satisfaction of the jury. A charge which excludes the evidence concerning the alibi from being weighed by the jury on the subject of reasonable doubt as to the defendant's guilt is erroneous. *Ledford* v. *State,* *75 Ga.* 856. In every case the court will look to the charge as a whole to ascertain whether its reasonable intendment is to impress the jury that they should give the prisoner the benefit of any and all reasonable doubt upon summing up the entire evidence, including that relating to the alibi, or that the jury are left to infer that the evidence as to alibi is confined to a determination of that defense, or that an impression is likely to be created that the burden is on the accused to verify his alleged alibi beyond a reasonable doubt. In this case the court opened his charge by stating the issues and instructing the jury that the burden was on the State to prove the defendant's guilt to a moral and reasonable certainty, and beyond a reasonable doubt, and that it was the jury's duty to acquit the prisoner if they had a reasonable doubt of his guilt. He then defined murder and malice, express and implied; instructed them as to the punishment of murder, and that they were the judges of the facts and the credibility of the witnesses; and charged on the subject of the prisoner's statement, and character as a substantive fact. The court then proceeded: "These are the rules of law governing this case; the real issue being in this case not as to whether or not the man who killed the deceased is guilty of murder—" (addressing defendant's counsel) "that I believe is admitted, that is, the party who killed him is guilty of murder." To which defendant's counsel replied, "I make no point on that; we admit that the party doing the killing is guilty of murder, but deny that the defendant did it." Continuing his charge, the court said: "Now the State says that he is the man, and that from the evidence he has been identified as the man who committed the crime. The defendant sets up as a defense what is known to the law as alibi, which means that he was not there at all. He denies that he is the guilty party. He says that he did not do it and was not there, and therefore it was impossible for him to have been the man who committed the crime; and that is the real controversy in this case. I charge you that alibi as a defense involves the impossibility of the prisoner's pres-

ence at the scene of the offense at the time of its commission; and the range of evidence, in respect to time and place, must be such as reasonably to exclude the possibility of presence. Whenever alibi is set up as a defense by a defendant, the burden is upon him to prove his defense to the reasonable satisfaction of the jury; so that is a matter for you to determine from the evidence. I charge you that if you find the State's contention is the truth in this case —that is, this defendant is the party who was under arrest at Kingsland, in this county, on the day of the homicide; that he is the party who was taken to the well to drink water, and while there you find that he, the defendant, is the party who took the life of Mr. Kirkland, the deceased, then I charge you that the law would raise a presumption of malice against him and he would be guilty of murder under these circumstances. I charge you that if you find the defendant's contention is true and that this alibi has been established—that is, that at the time of the homicide this defendant was, as is claimed by him, in the city of Savannah, that then he could not be the person who did the killing, regardless of the fact of whether or not any murder was committed. This defendant could not be convicted, because, in that event, he would not be guilty, and it would be your duty to acquit him. Now, gentlemen, you as impartial jurors, as honest men searching for the truth, look to all this testimony, sift it and weight it well, hunt for the truth, and then do your duty as jurors and write your verdict, letting it speak the truth of this case. If you should find from the evidence and under the rules of law given you in charge by the court that the defendant is guilty, the form of your verdict would be: 'We the jury find the defendant guilty,' . . If you do not find from the evidence that he is guilty to a moral and reasonable certainty and beyond a reasonable doubt, then the form of your verdict would be: 'We the jury find the defendant not guilty.'" This extract from the charge shows that, after the concession in open court by the defendant's counsel, the single issue in the case was the identity of the defendant as the murderer; and after the court had stated that the prosecution contended that the prisoner killed the deceased, he instructed the jury that if the defendant's contention that he did not kill the deceased was "true, and that this alibi has been established," he would not be guilty. This charge, when considered in connection with the extract to which exception is taken, was sub-

ject to be understood by the jury as meaning that the burden of proof on this single issue was on the defendant, whereas the jury should not have been left in doubt that the law imposed on the State the burden of proof as to the prisoner's identity beyond a reasonable doubt. We think that when the court instructed the jury, with the approval of defendant's counsel, that the controlling issue was the identity of the prisoner as the perpetrator of the homicide, and undertook to state one of the branches of the law of alibi as formulated in the *Harrison* case, supra, it was error requiring a new trial to omit any reference to the other branch as therein formulated, which is complemental and qualificative of that given in charge.

The other assignments of error were without merit.

*Judgment reversed. All the Justices concur.*