### 11487. BROOKS *v.* THE STATE.

1. "The failure of the court to charge the jury upon the second 'branch' of the rule as to alibi, as required by the rulings of the Supreme Court in *Ledford* v. *State*, 75 *Ga.* 856, and in *Harrison* v. *State*, 83 *Ga.* 129 (9 S. E. 542), was such error as requires the grant of a new trial. *Callahan* v. *State*, 14 *Ga. App.* 442 (81 S. E. 380); *Raysor* v. *State*, 132 *Ga.* 237 (63 S. E. 786)." *Moody* v. *State*, 17 *Ga. App.* 121 (86 S. E. 285).

2. The charge of the court as to the effect of proof of recent possession of stolen goods was not error for the reason assigned in the 4th ground of the motion for a new trial.

3. The court is not required to charge upon a theory of defense arising solely from the statement of the accused, in the absence of a timely written request so to charge. *Lott* v. *State*, 18 *Ga. App.* 747 (2) (90 S. E. 727), and cases cited: *Allen* v. *State*, 134 *Ga.* 380 (67 S. E. 1038).

DECIDED NOVEMBER 9, 1920.

Indictment for larceny of automobile; from Putnam superior court — Judge Park. March 9, 1920.

The 4th ground of the motion for a new trial is that the court erred in charging the jury as follows: "If you are satisfied, to a reasonable and moral certainty and beyond a reasonable doubt, by the evidence in this case, that on the 7th day of September, 1919, in the county of Putnam, the automobile described in the bill of indictment was taken and carried away with intent to steal the same, and if you are further satisfied that the automobile belonged to Isaiah Johnson, and if you are further satisfied that the identical automobile, if any automobile was stolen as alleged in the bill of indictment, was found in the recent possession of the defendant, and if he fails to give a reasonable account of such possession, or if the evidence introduced in this case fails to give a reasonable account of such possession, the court charges you that upon proof of these facts you would be authorized to convict the defendant, if you are satisfied, to a reasonable and moral certainty and beyond a reasonable doubt, of the guilt of the defendant." This extract from the charge is alleged to be error "for the reason that no such presumption of law arises against the defendant when found in the possession of stolen property; in a word, the court charged that if the defendant was found in the recent possession of the automobile, unaccounted for, the jury were authorized to convict. This was a question for the jury, and not for the trial judge. The true rule of criminal law in such cases is this: Recent possession of stolen property, not explained, is a circumstance going to show guilt, but is not sufficient, without more, to convict. So the court assumed the defendant was guilty and charged the jury to that effect, and expressed an opinion in regard to the facts proved in the case, contrary to the statute."

*Roy D. Stubbs,* for plaintiff in error.

*Doyle Campbell, solicitor-general, Richard B. Russell,* contra.

BLOODWORTH, J. Only the first headnote needs elaboration. One of the grounds of the motion for a new trial alleges that the judge erred in charging the jury as follows: "The defendant sets up in this case what the law denominates as a plea of alibi. An alibi, under the laws of the State of Georgia, is the impossibility of the defendant's presence at the time and place of the alleged

offense; and if the range of the evidence upon the plea of alibi is sufficient to exclude the reasonable hypothesis that the defendant was present, under the law that plea of alibi would be good." This portion of the charge is alleged to be error because "the court erred in failing to charge the jury that the testimony upon the defense of alibi might serve, when considered in the light of the entire evidence, to raise a reasonable doubt which might suffice to acquit the defendant. . . Had the jury been told that the evidence offered in support of the alibi might of itself generate a reasonable doubt of the guilt of the accused, the jury might have been so impressed. . . The charge as given on the defense of alibi restricted the jury to consider it for one purpose only, and that was whether or not the burden of establishing the plea to their satisfaction had been carried. Thus plaintiff in error was deprived of a substantial right." This attack on the charge is based upon and supported by a number of decisions of this court and of the Supreme Court. In *Raysor* v. *State,* 132 *Ga.* 239 (63 S. E. 786), Evans, P. J., said: "In *Harrison* v. *State,* 83 *Ga.* 130 (9 S. E. 542), Bleckley, C. J., after examining the prior adjudications of this court, formulated the rule on the subject of alibi as a defense as follows: 'Touching alibi, the rule in Georgia as established by authority consists of two branches. The first is, that, to overcome proof of guilt strong enough to exclude all reasonable doubt, the onus is on the accused to verify his alleged alibi, not beyond a reasonable doubt, but to the reasonable satisfaction of the jury. The second is, that, nevertheless, any evidence whatever of alibi is to be considered on the general case with the rest of the testimony, and if a reasonable doubt of guilt be raised by the evidence as a whole, the doubt must be given in favor of innocence.' And this court has since then refused to grant new trials on charges modeled on this statement of the rule. *Miles* v. *State,* 93 *Ga.* 120 (19 S. E. 805, 44 Am. St. R. 140); *Henderson* v. *State,* 120 *Ga.* 506 (48 S. E. 167). The criticism of the charges sub judice goes to the point that the court failed to instruct the jury that evidence introduced to establish the defense of alibi should be considered on the general case with the rest of the evidence, and that if a reasonable doubt of guilt be raised by the evidence as a whole, the doubt must be given in

favor of innocence. Every instruction in a criminal case should make clear that the burden is on the prosecution to prove the defendant's guilt of the crime charged beyond a reasonable doubt; and especially should there be no relaxation of the rule in cases where the defense of alibi is involved, and the jury are instructed that the onus is on the accused to prove his alleged alibi to their reasonable satisfaction. There should never be any confusion in the charge in presenting the distinction between the burden resting upon the State to prove the defendant's guilt beyond a reasonable doubt, and the burden of the accused to verify his alleged alibi to the reasonable satisfaction of the jury. A charge which excludes the evidence concerning the alibi from being weighed by the jury on the subject of reasonable doubt as to the defendant's guilt is erroneous. *Ledford* v. *State,* 75 *Ga.* 856."

In *Moody* v. *State,* 17 *Ga. App.* 121 (1) (86 S. E. 285), this court held that " the failure of the court to charge the jury upon the second ' branch ' of the rule as to alibi, as required by the rulings of the Supreme Court in *Ledford* v. *State,* 75 *Ga.* 856, and in *Harrison* v. *State,* 83 *Ga.* 129 (9 S. E. 542), was such error as requires the grant of a new trial. *Callahan* v. *State,* 14 *Ga. App.* 442 (81 S. E. 380) ; *Raysor* v. *State,* 132 *Ga.* 237 (63 S. E. 786)." See also *Holland* v. *State,* 17 *Ga. App.* 311 (86 S. E. 739), and cases cited. The defendant in error relies on *Shaw* v. *State,* 120 *Ga.* 660 (3) (29 S. E. 447), but it is true in this case, as it was, in the case of *Callahan* v. *State,* 14 *Ga. App.* 442 (81 S. E. 380), that " the instructions on the subject of reasonable doubt were not accompanied by any language relating to the testimony as to alibi (as in *Shaw* v. *State,* 102 *Ga.* 665, 29 S. E. 447), and equivalent to a specific direction to the jury to acquit, if, upon a consideration of the proof of alibi along with the evidence as a whole, the jury had a reasonable doubt of the defendant's guilt."

Under the above rulings the court erred in failing to charge the jury on the " second branch " of the rule as to alibi, and in refusing to grant a new trial.

*Judgment reversed. Luke, J., concurs. Broyles, C. J., dissents.*

BROYLES, C. J., dissenting. The judge, both before and after his instructions upon the law of alibi, fully charged the law of reasonable doubt as to the general features of the case, and, subse-

quently to his instructions upon the law of alibi, specifically charged as follows: "If you have a reasonable doubt of his [the defendant's] guilt growing out of the evidence, or the want of evidence, or engendered by the defendant's statement, it would be your duty to return a verdict of not guilty." Under the ruling of *Shaw* v. *State,* 102 *Ga.* 660 (29 S. E. 447), this charge, in the absence of a request to charge upon the second branch of the subject, was sufficient. Moreover, in the instant case the court did not even charge that the burden was on the defendant to establish his alibi; and hence the charge was not confusing, as was the charge in *Raysor* v. *State,* supra. In my opinion a new trial is not required.