## 12748. HENDERSON v. THE STATE.

Error in not charging the jury on the second branch of the rule as to alibi requires a new trial.

DECIDED NOVEMBER 17, 1921.

Indictment for manufacturing intoxicating liquor; from Paulding superior court — Judge Irwin. June 30, 1921.

The ground of the motion for a new trial referred to in the decision is as follows: "Because movant, on the trial of said case, set up the defense of alibi, as is shown by the evidence of" named witnesses. "The court charged the jury as follows: 'Now, gentlemen, the defendant, under his plea in general, files also the plea of alibi; that is, he says he was not there at the time this offense was committed, and that it was impossible for him to have committed the offense. The plea of alibi involves the impossibility of the defendant's presence at the time of the commission of the offense. Alibi, as a defense, involves the impossibility of the prisoner's presence at the scene of the offense at the time of its commission, and the range of the evidence in respect to time and place must be such as reasonably to exclude the possibility of his presence. As. I have stated, the defendant says he was not there. That puts the burden on him to establish that fact to your satisfaction. He does not have to prove it to you beyond a reasonable doubt, as the burden is on the State, but must prove it to your satisfaction from the evidence, that he was not there and could not have been at the place at the time of the commission of the offense. That is a question involved in this case that you will consider just as you consider any other question, except you put the burden upon him instead of the State to establish the truth of that. The burden is upon the State to prove the truth of the charge, as I have charged you.' Movant contends that the court should have charged the jury further, in substance, that any and all evidence of an alibi, if any such had been introduced, should be considered by them on the general issue, together with all the other evidence in the case, and if, after considering the whole of the evidence in the case, including that on the question of alibi, the jury has a reasonable doubt as to the guilt of the accused, they should resolve the doubt in favor of the accused and of innocence, and acquit the defendant, and further, if the defendant established his alibi, they should acquit;" and the failure of the

court so to charge was error, prejudicial to the defendant.

*A. L. Bartlett, W. E. Spinks, Griffith & Matthews,* for plaintiff in error.

*J. R. Hutcheson, solicitor-general,* contra.

LUKE, J. In this case error is assigned upon the ground that the court, when charging upon the subject of alibi, failed to charge the jury upon the second branch of the rule as to alibi. "The failure of the court to charge the jury upon the second branch of the rule as to alibi is such error as requires the grant of a new trial." See *Brooks* v. *State,* 25 Ga. App. 739 (105 S. E. 42), and cases cited. Upon this ground, it was error to overrule the motion for a new trial.

*Judgment reversed. Bloodworth, J., concurs. Broyles, C. J., dissents.*

BROYLES, C. J., dissenting. I think the judgment should be affirmed. The charge complained of in this case differs materially from the charge in the *Brooks* case, supra. It is substantially the charge given in *Shaw* v. *State,* 102 Ga. 660 (29 S. E. 477), which was held to be sufficient in the absence of a timely and appropriate written request. In the instant case, as in the *Shaw* case, the court charged fully upon the law of reasonable doubts as to the general features of the case, and also instructed the jury that if they had such a doubt after *considering all of the evidence and the defendant's statement,* they should acquit. And the jury were further instructed that if after considering all of the proved facts and circumstances in the case and the defendan's statement, they had a reasonable doubt of his guilt, he should be acquitted.