### 13970. BERRY *v.* THE STATE.

The charge of the court as to reasonable doubt, and as to alibi, was sufficiently full, in the absence of a written request for fuller instructions.

A conviction of burglary was authorized by the evidence.

DECIDED DECEMBER 12, 1922.

Indictment for burglary; from Floyd superior court — Judge Wright. September 23, 1922.

*Porter & Mebane, Harris & Ennis,* for plaintiff in error, cited, as to charge on reasonable doubt: 67 *Ga.* 151, 153; 99 *Ga.* 684; 70 *Ga.* 825; 76 *Ga.* 509; 98 *Ga.* 88; 14 *Ga. App.* 411.

*E. S. Taylor, solicitor-general, J. F. Kelly,* contra, cited: 122 *Ga.* 739 (2) ; 129 *Ga.* 419 (4).

BLOODWORTH, J. 1. The defendant was charged with burglary of a residence. The trial judge in his charge properly defined and explained the offense of burglary, and charged further that the defendant " is presumed by law to be innocent. This presumption of innocence remains with him throughout the trial and entitles him to an acquittal at your hands, unless the evidence satisfies you. of his guilt to a moral and reasonable certainty and beyond a reasonable doubt. . . . The defense has submitted proof of an alibi. Where an alibi is proven to the reasonable satisfaction of the jury, it entitles the defendant to an acquittal. An alibi involves, with reference to range of time and place, the impossibility of the defendant's presence at the time and place of the commission of the alleged crime. The burden is on the defendant to prove his alibi to the reasonable satisfaction of the jury, and if he has done so it entitles him to an acquittal; but, whether he has proven it or not, the law makes it your duty to take all evidence of his alibi, along with the other evidence in the case, to aid you, if it does aid you, in determining whether or not he is guilty beyond the reasonable doubt I have explained to you." In the absence of a written request for a fuller charge, this charge was sufficient on the subject of reasonable doubt and of alibi. This ruling covers the special grounds of the motion for a new trial.

2. The evidence was ample to support the verdict of guilty, one witness having sworn that he saw and recognized the defendant as he broke and entered the residence. No error of law appears to have been committed, and the judge properly overruled the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*