### 18069.  MITCHELL *v.* THE STATE.

1. Under previous rulings applied to the facts of the case, an omission to instruct the jury upon the "second branch" of the rule as to the defense of alibi was not error.
2. The charge substantially informed the jury as to their duty to consider the evidence of alibi with all the other evidence, and to acquit the accused if such consideration raised a reasonable doubt of his guilt; and it was not open to the criticisms presented.
3. The evidence authorized a conviction of robbery.

DECIDED JUNE 15, 1927.

Robbery; from Fulton superior court—Judge Moore. February 19, 1927.

Application for certiorari was denied by the Supreme Court.

*Branch & Howard, J. C. Miner,* for plaintiff in error.

*John A. Boykin, solicitor-general, J. W. LeCraw,* contra.

BROYLES, C. J. 1. "When the court had fairly and correctly charged the doctrine of reasonable doubt as applicable to all the evidence in the case and the statement of the defendant, there was no error in failing to charge the special proposition that if the

Criminal Law, 16 C. J. p. 976, n. 42; p. 977, n. 52, 53; p. 988, n. 80; p. 1056, n. 20; p. 1057, n. 26; p. 1058, n. 32; p. 1059, n. 42.

evidence offered in support of the defense of alibi, even though insufficient to establish that as a substantive defense, yet, when taken in connection with all the other evidence in the case, raised a reasonable doubt of guilt, the jury should acquit. Especially is this true where no request was made to the court to so instruct the jury. *Shaw* v. *State,* 102 *Ga.* 665 [29 S. E. 477]." *Bass* v. *State,* 1 *Ga. App.* 728 (4) (57 S. E. 1054) ; *Tooke* v. *State,* 25 *Ga. App.* 248 (2) (102 S. E. 995). Under this ruling and the facts of the instant case, the failure of the court to instruct the jury upon the "second branch" of the rule as to alibi was not error.

2.   While it is well settled that the judge, when charging upon the law of alibi, should give substantially the rule as laid down in *Ledford* v. *State,* 75 *Ga.* 856 (3), and *Harrison* v. *State,* 83 *Ga.* 129 (3), 134 (9 S. E. 542), there is no fixed formula for such instruction. However, the charge given should substantially inform the jury that they should consider the evidence touching the alibi together with all the other evidence in the case, and that if such consideration raises a reasonable doubt of the defendant's guilt, he should be acquitted. In the instant case the charge substantially so informed the jury, and, as was said by Chief Justice Bleckley in *Harrison* v. *State,* supra, "Under these instructions, the jury, we think, must have felt it incumbent upon them to give the prisoner the benefit of any and all reasonable doubt upon summing up the entire evidence, including that relating to the alibi; and this, in the present state of the Georgia authorities, seems to be sufficient." The charge in the instant case is not subject to the criticism made by the majority of this court on the charge in *Brooks* v. *State,* 25 *Ga. App.* 739 (105 S. E. 42), and on the charge in *Henderson* v. *State,* 27 *Ga. App.* 628 (110 S. E. 522).

3.   The evidence authorized the verdict, and the refusal to grant a new trial was not error.

   *Judgment affirmed.   Luke and Bloodworth, JJ., concur.*