## 22903. HANEY *v.* THE STATE.

DECIDED JUNE 16, 1933.

*Fariss & Langford,* for plaintiff in error.

*M. Neil Andrews, solicitor-general, James F. Kelly, J. Ralph Rosser,* contra.

MACINTYRE, J. The indictment in this case charges that, on June 18, 1932, in Chattooga county, Georgia, Virgil Haney committed a misdemeanor by wrongfully taking and carrying away "28 gallons of plain Texaco brand gasoline of the value of six dollars and sixteen cents, the same being the personal goods . . of C. A. Wyatt," with intent to steal the same. The jury found the defendant guilty. His motion for a new trial was overruled and he excepted.

Charlie Wyatt testified, in substance, that he ran a filling station at Menlo, Chattooga county, Georgia; that after "the officers at LaFayette" had "called him over the phone," he checked his gasoline meter and found that twenty-eight gallons of gasoline were missing from his tank; and that the gasoline could have been drawn with "that pump."

Doc Nations, a night policeman, testified, in substance, that while he was sitting on the depot platform in LaFayette at about half past three o'clock in the morning, an automobile going north on Chattanooga street passed in twenty-five feet of him, and that he heard a tire blow out about three or four hundred yards up said street, and went to where the car was, and "there Virgil Haney and Charlie Robinson were out looking at the tire;" that witness saw "some five-gallon cans in the back of the car and . . asked the boys what was in the cans," and Charlie Robinson said it was liquor; that witness examined all said cans and found that they had

gasoline in them; that Robinson then admitted that the cans contained gasoline, but explained that he bought it at a bargain, "fifty cents a can;" that witness then looked around the car and, "about five or six feet from the car, in a little ditch, . . found this hose;" that witness then saw "some weeds mashed down, and went over there and found this pump about fifteen feet from . . the car;" and that witness said: "Boys, you will have to go to jail," and Robinson said: "I can prove where I got this gasoline."

Flora Carroll testified, in substance, that on Friday night she "got in the car in front of the picture show at Rossville;" that they "went to Chickamauga, then to LaFayette, and from LaFayette toward Trion," with Robinson driving the car; that she "set in the car while they pumped out the gasoline;" that "they filled four cans," two at a time; that they went south from LaFayette to Menlo. This witness further swore: "I have seen that pump before. I first saw it in the back seat of the car when I got in. I saw that hose when I got in. They were in the back of the car. . . I said they filled two cans at the filling station, and also said they filled four cans—I meant they filled two cans at a time. I did not tell Mr. Keown, the sheriff of Walker county, that the gasoline was in the car when I got in it. . . "

Sheriff Keown testified, in substance, that "Mr. Nations arrested Virgil Haney, Charlie Robinson, and Flora Carroll and brought them to jail in Walker county;" that while in jail Flora told him positively that "the gasoline was in the car" when she got in it that night, and that she did not know where it came from; that afterwards Flora said she could take witness "where they got the gasoline," and that she went with witness in his car and directed him to a filling station at Menlo; that before arriving at the filling station she described it as "a rock-stone station," and it was "a concrete-block station;" that witness asked Mr. Wyatt if he missed any gasoline, and Wyatt said that he missed twenty-eight gallons; and that "there was no other gasoline filling station on the Broomtown road between LaFayette and Menlo."

The defendant made the following statement to the jury: "I got in the car that night in Rossville, Georgia. Charlie Robinson invited me to ride. The cans with the gasoline in them were in the car when I got in. Charlie Robinson told me he bought the gasoline. We picked up Flora Carroll and rode around. We rode

down to Trion, Georgia, and turned around and went back to La-Fayette, where Mr. Nations arrested us. I am not guilty."

The evidence speaks for itself, and we hold that there is no merit in the general grounds of the motion for a new trial.

It is averred in the first special ground that the court erred in charging the jury as follows: "If you find that the offense alleged in the indictment was committed by some one, and that very shortly thereafter the whole or any part of the goods so taken at the time the offense was committed, if any offense was committed, was found in the recent possession of the defendant, such possession, if not satisfactorily explained consistent with his innocence, would authorize you to identify the defendant as the guilty party and to convict him of the offense charged. But to do this you must be convinced that from the evidence the offense charged in the indictment has been committed, and the whole evidence, as taken together, must be such as to exclude every other reasonable hypothesis save that of the guilt of the accused." The assignment of error is that "this charge . . was unauthorized by the evidence," and "was hurtful . . to movant in that it led the jury to believe that the evidence . . was sufficient to put defendant in possession of the goods alleged to have been stolen."

In the only other special ground it is averred that the trial judge erred in failing to give the jury the following requested charge: "where gasoline might be found in an automobile, and the defendant was near-by with others, this would not be sufficient to place such gasoline in the possession of the defendant." The contention of the plaintiff in error with reference to this ground is that "the jury doubtless took the view" that in his charge upon recent possession the trial judge had special reference to the testimony of the witness Nations to the effect that the defendant and Charlie Robinson were found standing near the automobile in which the gasoline was found on the night on which they were arrested, and that the charge given (without the limitation contained in the requested charge) was calculated to lead the jury to believe that "the circumstances recited by the witness Nations were sufficient to put the gasoline in the possession of movant." It is further urged that since Flora Carroll, the only witness who testified directly to the alleged theft, testified in an unsatisfactory manner in regard to the number of cans she saw filled, and since her statement that she

never told the witness Keown that the gasoline was in the car when she got in it was flatly contradicted by said witness, her testimony in all probability had no weight with the jury, and the defendant was convicted solely upon the theory that he was in the recent possession of the gasoline at the time he and Robinson were seen near the automobile with the gasoline in it; and that therefore the requested charge was necessary to protect the defendant.

Of course, the mere presence of the defendant and another near the automobile containing the gasoline would not "be sufficient to place such gasoline in the possession of the defendant." However, possession, or joint possession, may be proved by circumstantial evidence, as well as by direct evidence. In this case there was direct testimony that the defendant and Robinson drew the gasoline from the tank. The defendant himself admitted that the gasoline was found in the car, but contended that it was there when he entered the automobile. The gasoline was found in the car in which the party had been riding at about three-thirty o'clock in the morning, after Robinson had undertaken to deceive the officer as to the contents of the cans, and at a time when both the defendant and Robinson were standing near the car, looking at the burst tire. Hidden very near the automobile were found the pipe and pump identified by the witness Flora Carroll. Surely the facts of this case warranted the charge given upon recent possession; and it may not be amiss to state that the charge given by the court was in full accord with a similar charge approved by this court in the case of *Coley* v. *State,* 41 *Ga. App.* 620, 621 (154 S. E. 203), which, in turn, was approved in *Wiley* v. *State,* 44 *Ga. App.* 635, 637 (162 S. E. 630). We hold that it was not error for the court to give the charge set out in special ground 1.

We are also satisfied that the requested charge was not adapted to the facts of the case, and that it would have been highly prejudicial to the State for the court to have given it. As indicated above, the charge upon recent possession was not based upon the single fact that the defendant and another were standing near the automobile containing the gasoline, but there were other salient and necessary circumstances to support the charge. In short, the requested charge would have tended to center the jury's attention too strongly upon a single circumstance, which, taken alone, was of very little evidentiary value, and to have greatly minimized the

136

force of other significant and pertinent circumstances which tended strongly to show that the defendant was the joint possessor of the gasoline. Therefore we hold that the trial judge properly omitted to give the requested charge to the jury, and that there is no merit in this last special ground of the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*