24197. SHIVERS *et al. v.* THE STATE.

DECIDED JANUARY 19, 1935.

*Branch & Howard, Thomas B. Branch Jr.,* for plaintiff in error.
*John A. Boykin, solicitor-general, J. W. LeCraw, John H. Hudson,* contra.

BROYLES, C. J. Shivers and Cox, half brothers, were jointly indicted under two counts, the first count of the indictment charging burglary, and the second count charging the offense of receiving stolen goods. The jury returned a verdict of guilty on the first count, and the defendants assign error on the overruling of their motion for a new trial.

The evidence shows that the store of Willis-Pause Company was burglarized and certain goods stolen therefrom; that about a month later some of these goods were found in a basement room of the residence of defendant Shivers, which was then occupied by defendant Cox, and some of the goods were found in the possession of parties to whom Cox had sold them. A portion of the goods so found were handled exclusively by Willis-Pause Company and some had Willis-Pause Company revenue stamps on them. Approximately $500 worth of goods were stolen, and approximately $175 worth

were recovered in the manner aforesaid. The defense was that one Reed approached Shivers in a store managed by Shivers, and proposed to sell him some goods; that Shivers went out to the street to look at the articles, which were in a Dodge car; that Shivers thought the goods would bring from $175 to $200, and bought them from Reed for $75; that he first had them put in the basement of his store and later moved them to the basement of his residence; that his half brother Cox sold some of the goods to various parties; that the payment for the goods by Shivers to Reed was made openly in the store, and that all the defendants' transactions in regard thereto were open; that about two weeks before Shivers was arrested an automobile mechanic repaired a Dodge sedan for some one; that the car had a pretty good load of something in it which was covered by a tarpaulin; and that the man operating the car offered to pay the mechanic with an unbroken box of Yellow Cab cigars, this brand of cigars being the same brand as some of the cigars stolen from the Willis-Pause Company and a brand handled exclusively by that company. The defendants also introduced several witnesses who testified to their good character.

There is no merit in the general grounds of the motion for a new trial. The burglary was proved, and the recent possession by both defendants of some of the goods stolen at the time of the burglary was shown. The defendants' explanation of their possession was not satisfactory to the jury. Reed, from whom Shivers claimed to have bought the goods, was never produced or accounted for. It is no unusual defense for one found in possession of stolen goods to claim that he bought them from some fictitious person, adding enough detailed description to try to make it appear valid. The defendant Shivers, according to his contention, looked at the goods on the street where many people were passing, yet none of them were produced to testify to seeing them. He said that he paid the alleged Reed openly in the store on a Saturday, where many people were congregated, yet no witness was produced to testify to seeing the transaction or hearing the conversation that took place. Even the mechanic who testified that he was offered a box of cigars in payment for work on the automobile did not state that Reed was the man who made the offer, or that he knew anybody named Reed, or that the load in the automobile and under the tarpaulin was composed of the goods stolen, or that they were the same goods

found in the possession of Shivers and Cox. It is not unusual for a loaded automobile to be covered with a tarpaulin. No witness testified that Shivers bought the goods from Reed, as claimed by Shivers in his statement. Some of the goods found in the possession of the defendants were positively identified as the fruits of the burglary. It was not necessary that all the stolen goods be located and identified. However, the fact that other goods, of a kind taken from the burglarized store but which were sold by merchants generally, were found with the recovered goods, which were sold exclusively by the burglarized store or bore the cancelled revenue stamps of the burglarized concern, was a strong circumstance indicating that these goods also were probably stolen from the burglarized store. The explanation of the defendants and the testimony of their witnesses (including character witnesses) failed to convince the jury of their innocence of the offense charged. Whether the inference of guilt which arose from the defendants' recent possession of the stolen goods should be drawn was a question for the jury. *Coe* v. *State*, 37 *Ga. App.* 82 (138 S. E. 919) ; *Mc-Afee* v. *State*, 68 *Ga.* 823. There was sufficient evidence to authorize the finding of the jury.

The first special ground of the motion for a new trial assigns error on the following charge of the court: "In connection with the charge of burglary as contained in count 1 of the indictment, I will give you another principle of law for your application to the facts in the case, if you find the facts are applicable to it. If you find that a burglary was committed as charged in the indictment, and that recently thereafter the defendants or one of them were found to be in possession of some of the articles which may have been stolen at the time of that burglary, then I instruct you that that possession would be a circumstance from which you would be authorized to convict, unless the defendants make an explanation of such possession which is consistent with innocence in your opinion. I think that is the law of burglary." The first objection to this charge is the use of the words "may have been stolen" instead of the words "were stolen." While it must be conceded that in a case of burglary where the guilt of the accused depends upon the recent possession of stolen property, the identity of the property found in his possession with the articles stolen must be established beyond a reasonable doubt, and that the use of the word "were," in

this connection, would have been preferable to the words "may have been;" yet in this case the error was harmless for the reason that the defendants did not dispute that the goods admitted to be in their possession were stolen, but merely contended that they did not steal them or know that they were stolen. Indeed, the evidence shows that the defendants made no effort to hold the goods, and defendant Cox pointed out parties to whom he had sold some of the articles, and in at least some instances refunded money to them for the goods that were taken from them by the officers. This might be construed as an admission by the defendants that they had no legal or valid title to them and no right to sell them. It is quite evident that the trial judge, in using the words "may have been stolen," was trying to avoid expressing or intimating an opinion that the goods were stolen. As stated in the brief of counsel for the defendant in error, "may have been" and "were" are sometimes used synonymously, as, for example, "No matter what may have been the reasons," and "No matter what were the reasons." The jury undoubtedly understood that they must be satisfied that the goods recovered were some of the goods stolen at the time of the burglary, and were not misled by this charge.

Movant further contends that the following portion of this charge, to wit: "If . . the defendants *or one of them* were found to be in possession of some of the articles which may have been stolen at the time of that burglary, then I instruct you that that possession would be a circumstance from which you would be authorized to convict, unless *the defendants* make an explanation of such possession . . . ," is erroneous "in that it places a burden upon the movant who was not found to be in possession of some of the property stolen in the burglary to explain the possession of the other movant of such stolen property." There is no merit in this contention, because there was no dispute as to who was in possession; the controlling issue being how possession was acquired. It was not necessary to prove possession of all of the goods stolen. Shivers admitted that he was in possession of some of the goods, and claimed to have bought them from one Reed and later moved them to the basement of his residence where Cox slept. Cox admitted that he got possession of them from Shivers and sold some of them to different persons. So far as an explana-

tion of possession is concerned, the State contended for no more than was admitted. When the judge said if "the defendants or one of them" were found in possession, then "that possession" would be a circumstance, etc., unless explained, he evidently meant "that possession" of both of them, or of one of them, as might be shown by the evidence. The defendants were tried together, and the judge necessarily and properly charged in such a way that the jury could apply the proof or lack of proof to either or both of the defendants. The expression "the defendants or one of them" is used throughout the charge, and in the beginning of the charge the court instructed the jury as follows: "You should consider this case in your deliberation just as though we were trying one of these charges against one of these individuals, consider it that way first, and then go through it as to the other count, and as to the other individual, and whatever verdict you write, let that verdict express the count by number. Let that verdict express the name or names of the individual with reference to that count, so that it will be perfectly clear what your finding is."

The third attack on this excerpt from the charge is that the court said: "You would be authorized to convict, unless the defendants make an explanation of such possession which is *consistent with innocence* in your opinion" (italics movants'). Plaintiffs in error contend that this meant that the movants must be entirely innocent of any charge whatsoever, whereas it was only necessary that the explanation "be sufficiently reasonable and satisfactory to show that the movants were not guilty of the offense of burglary." To this construction we can not agree. In the beginning of the paragraph complained of the court said: "In connection with the charge of *burglary* as contained in count one of the indictment, I will give you another principle of law for your application to the facts in the case, if you find the facts are applicable to it. If you find that a *burglary* was committed as charged in this indictment, and that recently thereafter the defendants or one of them were found to be in possession of some of the articles which may have been stolen at the time of that *burglary*," etc. (italics ours). The entire paragraph related to the charge of *burglary,* and in the light of what immediately preceded the phrase "consistent with innocence," it is apparent that the court meant innocence of the charge of *burglary,* and the jury un-

doubtedly so understood. It will be noted that this single paragraph of the charge has been attacked from three different angles. It has been well dissected by able counsel. But we can not consider the dismembered portions alone when they were not intended to be considered by themselves. We must look to the charge as a whole rather than to isolated portions or fragments thereof. If an erroneous excerpt from a charge is sufficiently grave or harmful, the whole charge will fall; but often the phrases "united we stand and divided we fall," and "there is strength in unity," are applicable to the component parts of a charge, and so it is in the present case.

The second special ground of the motion for a new trial alleges that the court failed to instruct the jury that it was only necessary that possession of stolen property be explained to the reasonable satisfaction of the jury. In the absence of a proper written request for a more specific charge on this subject, this principle was sufficiently covered by the court's instruction that "possession would be a circumstance from which you would be authorized to convict, unless the defendants make an *explanation of such possession which is consistent with innocence in your opinion.*" (Italics ours.) If the explanation is consistent with innocence in the opinion of the jury, it would be "to the reasonable satisfaction of the jury." In *Tarver* v. *State,* 95 *Ga.* 222 (21 S. E. 381), *Morris* v. *State,* 5 *Ga. App.* 300 (63 S. E. 26), and *Mayfield* v. *State,* 17 *Ga. App.* 115 (86 S. E. 284), cited by plaintiff in error, there was an "entire failure" to charge on the explanation of the possession of the stolen property. Yet in all of these cases the reviewing court, in speaking of the explanation of the possession, used the same language that the trial judge used in the instant case, to wit, "consistent with innocence." In *Temples* v. *State,* 18 *Ga. App.* 510 (89 S. E. 600), the court said: "Under the facts of this case there was no error in the following charge to the jury: 'I charge you that where property has been shown to have been stolen, and shortly thereafter the same property is found in the possession of the defendant, in a criminal case, the jury may draw an inference that the defendant is the guilty party, unless the defendant explains his possession, if found in possession of such property, to the satisfaction of the jury,—that his possession was *innocent rather*

*than criminal.'*" (Italics ours.) In *Haney* v. *State, 47 Ga. App.* 132 (169 S. E. 771), the attack on the charge was relative to the sufficiency of the evidence to authorize it. However, the charge was upheld by this court, and it was in the following language: "If you find that the offense alleged in the indictment was committed by some one, and that very shortly thereafter the whole or any part of the goods so taken at the time the offense was committed, if any offense was committed, was found in the recent possession of the defendant, such possession, if not satisfactorily explained *consistent with his innocence,* would authorize you to identify the defendant as the guilty party and to convict him of the offense charged." (Italics ours.)

Putting the usual and ordinary construction, rather than a strained one, on the charge of the court, we find no error of commission or omission that would mislead the jury. The evidence authorized the verdict, and the court did not err in overruling the motion for a new trial.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*