29232. CHAMBERS *v.* THE STATE.

DECIDED NOVEMBER 17, 1942.

*J. B. G. Logan, Sam Kimzey, J. Herbert Griggs,* for plaintiff in error.

*G. Fred Kelley, solicitor-general, John E. Frankum,* contra.

GARDNER, J. 1. As to the general grounds, while the evidence was in sharp conflict, it was sufficient to sustain the verdict on the ground that the defendant and York and Palmour formed a

conspiracy to commit the burglary; and that the conduct of York and Palmour in burglarizing the building and procuring the Prestone was within the scope of the conspiracy previously formed with the defendant.

The defendant, along with the other two, was indicted as a principal. It is contended that since the defendant was indicted as a principal in the same count with the others he could not be convicted under such indictment, since the evidence of the State disclosed that he was not the actual perpetrator of the crime and was not present aiding and abetting in its commission. It is contended that, according to the State's evidence, the defendant was an accessory before the fact, and he could not be joined as a principal with York and Palmour who actually broke into the building. As to this question this court made the following certification to the Supreme Court: "Where principals in the first and second degree and accessories before the fact are punishable alike, may one indicted for a felony as principal, under Code, § 26-601, be convicted by a general verdict, as 'We the jury find the defendant guilty,' when the evidence shows that such one is absent when the crime was committed, but conspired with the principals to commit the crime?" The Supreme Court answered the question in the affirmative, as follows: "From the phraseology, and the authorities cited, we understand the question to be simply this: Where as related to a particular felony the law prescribes the same punishment for an accessory before the fact that is prescribed for a principal, may a person be indicted and convicted *as a principal* on evidence showing that he was absent when the crime was committed, but had conspired with another or others to commit the same? As will be noticed, the question relates to felonies only, and not to misdemeanors. The law as we construe it requires an affirmative answer, notwithstanding some intimations and dicta to the contrary."

2. Special grounds 1, 2, 5, 6, 7, 8, and 9 assign error on excerpts of the charge. When we examine the charge as a whole we find no substantial merit in the contentions set forth in any of these grounds for any of the reasons assigned. We are convinced the court correctly charged the law as to what constitutes an accomplice, and also correctly charged the law as to what corroboration is necessary where there is only one accomplice. It clearly appears

from the record, viewing it from the State's contention and in view of the answer of the Supreme Court to the certified question above stated, that the defendant and York and Palmour were all accomplices. See also *Kearce* v. *State,* 178 *Ga.* 220 (172 S. E. 643). According to the testimony of York and Palmour, Chambers was the instigator of the crime. This being true, one accomplice is sufficient corroboration of another. *Walker* v. *State,* 57 *Ga. App.* 868 (197 S. E. 67); *Arnold* v. *State,* 62 *Ga. App.* 506 (8 S. E. 2d, 723); *Pope* v. *State,* 171 *Ga.* 655 (156 S. E. 599). Besides, there was other corroborating testimony.

3. Special grounds 3, 4, 11, and 12 assign error on the court's charge as it related to the legal effect of recent possession of stolen property. In a case of this character, which was so vigorously defended, it is almost impossible for the judge to give a perfect charge on every phase presented. It therefore becomes the duty of this court to review the charge as a whole in the light of the entire record to determine whether or not the charge was substantially correct. We have carefully read the entire charge in the light of the exceptions set forth, and we fail to discover any error assigned which would warrant a reversal on any one of these grounds. The excerpts on which the assignments are based, when viewed in connection with the entire charge, are substantially the same as those approved by this court in *Haney* v. *State,* 47 *Ga. App.* 132 (169 S. E. 771). Compare *Shivers* v. *State,* 50 *Ga. App.* 419 (178 S. E. 399); *Brooks* v. *State,* 25 *Ga. App.* 739 (105 S. E. 42). In the instant case the corpus delicti was proved beyond question. This established truth, in connection with the defendant's admitted recent possession of the stolen property, placed the burden on him of explaining that his was not a guilty possession. He submitted his explanation to the jury, who were not satisfied with it. See *Wiley* v. *State,* 3 *Ga. App.* 120 (2) (59 S. E. 438); *Arkwright* v. *State,* 57 *Ga. App.* 221 (194 S. E. 876). So far as the State's evidence is concerned the possession of the defendant dated from a few hours after the burglary, when York and Palmour delivered the Prestone to him in furtherance of, during the time of, and within the scope of, the conspiracy.

4. Special grounds 10 and 10-a: In ground 10 defendant assigns error on the following charge of the court with reference to alibi: "Now, gentlemen, I will go back—the defendant has set

up as a defense the defense of alibi. It is the contention of the defendant, or one of the contentions of the defendant, that on the date named, or the date the offense is alleged to have been committed, that he was not present, that he was at a place other than the place mentioned by the witnesses, that is, by the witnesses Palmour and York. They contend that they saw him at a certain place—it is the contention of the defendant, gentlemen, that he was not at those places but that he was at different places, and in that event I give you this rule of law: alibi, as a defense, involves the impossibility of the presence of the defendant, or of the accused, at the scene of the offense at the time of its commission, or at the time the witnesses contend that the common intent and purpose was formed, and the range of the evidence in respect to the time and place must be such as reasonably to exclude the possibility of the presence of the accused at the time and place of the offense; if you believe that a crime was committed as charged in the bill of indictment, but do not believe that this defendant had a part in it —that he was not a conspirator or a joint conspirator with somebody else in the commission of the offense—that he was at some other place and had no part in it, and he satisfies your mind not beyond a reasonable doubt but to the reasonable satisfaction of the jury, that he was not at the place named by the witnesses, Palmour and York, but was at a different place and had no part in any conspiracy to do the unlawful act charged in the indictment, why then, gentlemen of the jury, you should acquit the defendant of the offense charged."

Ground 10-a complains that since the court charged as immediately set forth hereinbefore on the first branch of the law of alibi without a written request, the court committed reversible error in not charging the second branch as follows: "In connection with the principles of law I have given you as to the defense of alibi, I charge you that any evidence of an alibi, if any such has been introduced, could be considered by the jury on the general issue, together with all the other evidence in the case, and if, after considering the whole of the evidence in the case, including that on the question of alibi, the jury has a reasonable doubt as to the guilt of the accused, then the jury should resolve that doubt in favor of the accused and acquit him." One assignment of error is to the effect that the words "and had no part in any conspiracy"

placed upon the defendant the burden of showing to the reasonable satisfaction of the jury that he had not conspired with York and Palmour. These words, when isolated from the entire charge, would imply reversible error. But, construing their import in the light of the full charge, we are unable to comprehend that the jury got the impression which able counsel so strongly presents in this assignment. The court had already charged fully and clearly the law pertaining to reasonable doubt and conspiracy. We will deal with this portion of the court's charge hereinafter. Aside from this assignment the gravamen of the error set out in grounds 10 and 10-a is that the court, after having charged the jury without a written request that the burden was on the defendant to establish his alibi to the reasonable satisfaction of the jury, and not beyond a reasonable doubt, should have gone further without a written request and charged that, if the jury had a reasonable doubt as to whether the evidence of alibi established this defense to the reasonable satisfaction of the jury, the jury should nevertheless consider the evidence on the issue of alibi along with all the other evidence in the case, and if in doing so the jury should entertain a reasonable doubt as to the alibi or the guilt of the defendant they should acquit him. Before we proceed to correlate the decisions touching the question raised it is well for us to relate further from the charge. As to reasonable doubt it contained the following: "Now, upon being arraigned for trial under that indictment and to that indictment the defendant now on trial, Bill Chambers, entered a plea of not guilty, and that plea of not guilty is by him a denial of each and every material allegation made in the indictment, and it has the effect of placing the burden on the State of proving each and every material allegation in the indictment to a moral and reasonable certainty and beyond a reasonable doubt before you would be authorized to convict the defendant. And, gentlemen, the indictment with the plea of not guilty entered on it forms the issue which you have been impanelled and sworn in the case to try, and the issue submitted to you, gentlemen, is whether or not the defendant is guilty of the offense charged in this indictment.

"The defendant enters upon the trial of the case with the presumption of innocence in his favor, that is, with the presumption he is not guilty of the offense charged in the indictment, and that

presumption remains with him and avails him throughout the trial and until it is overcome and removed and stripped from him by evidence introduced in your presence and hearing which is sufficient to satisfy your minds and conscience of his guilt beyond a reasonable doubt. And a reasonable doubt means just what it says—it is such a doubt as the words themselves necessarily imply. It is not an arbitrary doubt, it is not a capricious doubt; it is not just some doubt, but it is the doubt an honest, upright, intelligent juror seeking the truth would have after having heard all of the case. It is such a doubt as may arise from a consideration of the evidence, or from a lack of evidence, or from conflict of the evidence, or it may arise from the statement made by the accused. But where the reasonable doubt does exist, it is the duty of the jury to give the defendant the benefit of that doubt and acquit him. But where the reasonable doubt does not exist then it is your duty in that event, gentlemen, to convict the defendant.

"Now the reasonable doubt which the law undertakes to define and which the law talks about, would exist in the mind of the jury, where after having heard all of the case, including the defendant's statement, the evidence, the argument of counsel, and the charge of the court, your minds are not satisfied, they are wavering, they are doubtful, they are disturbed about what the truth of the issue is, and where, gentlemen, you find yourselves in that position, in that unsettled and disturbed position, why then, you would give the defendant the benefit of the doubt and acquit him. But on the other hand, gentlemen, after having heard all of the case, the defendant's statement, the evidence, the argument of counsel, and the charge of the court, your minds are settled and satisfied that the guilt of the defendant has been shown, why then, there is an absence of the reasonable doubt and in that event you should convict. Of course, gentlemen, the court does not intimate what the evidence shows—the court expresses no opinion about that at all." Later in the charge we find these words: "The fact that you may believe beyond a reasonable doubt that there was a burglary committed would not authorize you to find this defendant guilty unless you are also satisfied that he alone, or with others, was the person who broke and entered the house alleged in the indictment to have been broken and entered. . . You would consider all of the facts and circumstances detailed by the evidence in this case to

determine whether or not the testimony of Palmour and York has been sufficiently corroborated to satisfy your mind of the defendant's guilt beyond a reasonable doubt."

On the question of conspiracy the court charged: "Now, gentlemen, I will give you another rule which you will apply in this case. It is the contention of the State that there was a corrupt agreement between the defendant now on trial and Howard Palmour and Albert York to commit the offense charged in this indictment, or a common scheme or a common purpose on their part to do so, and in that connection, gentlemen, I charge you if two or more persons form a common intent and purpose to commit a crime, and in pursuance of such intent and purpose such crime is actually committed, then all who participated and took part in such common intent and purpose or such corrupt agreement would be guilty, provided that the act charged in the indictment is the act which they formed a criminal intent and purpose to do. And, I charge you, gentlemen, that a conspiracy or a common intent and purpose consists in a corrupt agreement between two or more persons to do an unlawful act, unlawful either as a means or as an end. This agreement may be established by direct proof or by inference, as a deduction from conduct, which discloses a common design, on the part of the persons charged, to act together for the accomplishment of the unlawful purpose. This question, that is, whether or not a conspiracy has been established, is solely for the jury to determine from all of the evidence and all of the circumstances connected with the case. It is for the jury to determine from all of the facts and circumstances whether or not there was a conspiracy to do the unlawful act alleged in the indictment; and, if you find that there was a conspiracy, what was the scope of that conspiracy, and who were the conspirators, and whether or not this defendant now on trial, Bill Chambers, was one of the conspirators. If there was no conspiracy, then this defendant can not be held as principal for anything except what you find was done by him and done while he was present aiding and abetting therein, or which he did himself. But if there was a conspiracy, that is a common intent and common purpose and a common agreement between this defendant and the defendants, Howard Palmour and Albert York, or either one of them, and that this defendant was one of the conspirators, and counseled, procured or commanded the doing of the unlawful

acts charged, then he would be guilty as a principal whether he was present or absent at the commission of the offense.

"The existence of a conspiracy, or common intent, may be established by proof of acts and conduct, as well as by proof of an express agreement. In other words, in order to make out a conspiracy, it is not necessary to prove that there was an express agreement. If you are legally satisfied, from the proof of acts and conduct submitted to you, that there was a conspiracy or common intent, then proof of those acts and conduct would be just as effectual to establish the existence of a conspiracy as proof of an express agreement. Now, the act of one does not bind another unless and until the common criminal intent to do what is done is, to the satisfaction of the jury, established to have existed between the parties named. Now if you find that there was a conspiracy, and that the defendant, Bill Chambers, participated in the common intent and purpose to do what was done, and what was done is that which is alleged in the indictment, then what was done by another person named in the indictment, in pursuance of that common intent and purpose during the pendency of the conspiracy, would be just as binding upon this defendant as if he did the act himself. And if you find there was no conspiracy, or if there was a conspiracy and the defendant did not participate in the common intent and purpose to do what was done, or what was done was not that which is alleged in the indictment, then anything done by another person would not be binding upon the defendant in this case.

"And I charge you if you find there was a conspiracy between this defendant and one or more other people named in the indictment to do the criminal act charged in the indictment, then whatever was done in pursuance of that conspiracy and during its pendency would be just as binding upon the defendant now on trial as if he himself did it. It would be immaterial, as a matter of law, whether some of the others named as co-conspirators were absent at the doing of the act alleged, that is, if you find that there was a conspiracy and that the act alleged is the act which was done. And I charge you, gentlemen of the jury, that if you find in this case that there was a conspiracy or a corrupt agreement, a common intent and purpose on the part of this defendant and others, Howard Palmour and Albert York, to do the act charged

in the indictment, and that during the scope or existence of such a conspiracy that the defendants, Howard Palmour and Albert York, went to the place named in the indictment and committed the act charged in the indictment, and that the act charged in the indictment was the act embraced within the conspiracy, if you find there was a conspiracy, then I charge you, gentlemen of the jury, that this defendant would be guilty even though he was not present and even though he did not actually participate in the physical breaking and entering of the place described in the indictment. But if you find, gentlemen, that the breaking and entering of this place, if you find it was broken and entered, was not within the scope of the conspiracy, if there was a conspiracy between this defendant and others and this defendant was not present, then I charge you, gentlemen of the jury, that you could not convict him of the offense charged in the indictment, but you could only convict him, he being absent at the time, provided you find that the act charged in the indictment was the act covered by and contemplated by a conspiracy or a common intent and purpose between this defendant and others, who did not actually break and enter the building described in the indictment, if you find any one did break and enter. . . Now, gentlemen, in the event you are not satisfied from the evidence of the defendant's guilt, or satisfied that the evidence shows his guilt, why then you should acquit him, or, gentlemen, if you entertain or have a reasonable doubt as to his guilt, why then you should acquit him and in that event the form of your verdict would be: 'We, the jury, find the defendant not guilty.'" Immediately following the last quotation the court charged the excerpt set out in ground 10.

The assignments of error with which we are dealing here regarding the two branches of the principle applicable to the charge where the issue of alibi is involved was formulated by the Supreme Court in *Harrison* v. *State,* 83 *Ga.* 129 (3) (9 S. E. 542). That court cited *Ledford* v. *State,* 75 *Ga.* 856, *Landis* v. *State,* 70 *Ga.* 651 (48 Am. R. 588), and several other Supreme Court decisions. It would seem that this was the first time this question had been crystallized into a formula. It will be noted by a reference to the *Harrison* case, supra, that Judge Bleckley, after formulating the rule which he set out, also stated: "The exception in this case goes to the second branch of the rule, and on that branch, if not on

348

the first, *the charge as a whole conforms,* in sense and substance, to the rule." · (Italics ours.) Since the rendition of the opinion in the *Harrison* case both the Supreme Court and this court have dealt with the question many times. We have read with interest the cases cited by counsel for the defendant and for the State. A careful reading of those cases, in the light of the facts of each, will reveal that nothing which has since been said by either court, or the reasoning given, varies the rule as laid down in the *Harrison* case. Counsel for the defendant cite *Callahan* v. *State,* 14 *Ga. App.* 442 (81 S. E. 380) ; *Moody* v. *State,* 17 *Ga. App.* 121 (86 S. E. 285) ; *Miles* v. *State,* 93 *Ga.* 117 (19 S. E. 805, 44 Am. St. R. 140) ; *Henderson* v. *State,* 120 *Ga.* 504 (48 S. E. 167) ; *Raysor* v. *State,* 132 *Ga.* 237 (63 S. E. 786) ; *Holland* v. *State,* 17 *Ga. App.* 311 (86 S. E. 739) ; *Brooks* v. *State,* 25 *Ga. App.* 739 (105 S. E. 42) ; *Shaw* v. *State,* 102 *Ga.* 660 (29 S. E. 477) ; *Henderson* v. *State,* 27 *Ga. App.* 628 (110 S. E. 522) ; *Wafford* v. *State,* 163 *Ga.* 304 (136 S. E. 49). The State, in addition to the *Shaw* case, supra, cites *Bass* v. *State,* 1 *Ga. App.* 728 (57 S. E. 1054) ; *Tooke* v. *State,* 25 *Ga. App.* 248 (2) (102 S. E. 905) ; *Belcher* v. *State,* 25 *Ga. App.* 493 (2) (103 S. E. 852) ; *Berry* v. *State,* 29 *Ga. App.* 282 (114 S. E. 922). The charge of the court as a whole fully complied with the rule announced in the *Harrison* case. It must be further kept in mind that in the case at bar the State did not contend that the defendant was actually present at or near the scene of the burglary when it was committed, ·but based its contention of guilt on the principle of conspiracy. By reference to this feature of the charge of the court it will be found that it was full and complete. The court did not err, for any of the reasons assigned, in overruling the motion for new trial.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*