### 31149.  BECK *v.* THE STATE.

GARDNER, J.  This defendant was convicted of burglary.  There were three involved in the crime.  The two accomplices testified against the defendant.  Their testimony is the basis of the conviction.  There is but one question argued here.  This is:  That since the two accomplices were proved to have been previously convicted of felonies involving moral turpitude, and were at the time of the commission of the offense for which the defendant was convicted escapees from the penitentiary, this court ought, for these reasons, to reverse the case.  We do not conceive that we have such authority in this court.  That one accomplice may corroborate another accomplice and thereby furnish testimony sufficient to convict a third accomplice, is conceded by counsel for the plaintiff in error.  *Chambers* v. *State,* 68 *Ga. App.* 338, 341 (23 S. E. 2d, 545), and cit.  The fact that the witnesses had committed other offenses involving moral turpitude prior to the one involved in the instant case went to their credibility.  What credit shall be given to the testimony of any witness is exclusively for the jury.  The trial judge, on a motion for new trial, may, in his discretion, disturb a jury finding; but here he did not see fit to do so.  This court has no such authority.  When the judge overruled the motion for new trial, he approved the verdict; and the judge having done so, this court, in these circumstances, is without authority to disturb the verdict on this or any other ground of error assigned.

*Judgment affirmed. Broyles C. J., and MacIntyre, J., concur.*

DECIDED FEBRUARY 2, 1946.

426

*James H. Dodgen,* for plaintiff in error.

*E. E. Andrews,* solicitor-general, *Paul Webb, Durwood T. Pye,* contra.

DECIDED FEBRUARY 2, 1946.