39593. SIMS v. THE STATE.

NICHOLS, Presiding Judge. The defendant, after pleading not guilty, waived jury trial and was tried and convicted by the court for the offense of burglary. A motion for new trial, on the usual general grounds only, was overruled and error is assigned on such adverse judgment. The defendant was indicted and tried for having burglarized the residence of the prosecuting witness. This witness identified the defendant as having been in her bedroom when she was awakened at about one o'clock in the morning. The witness further testified that a light was on in the bedroom, that entry into the house was gained by removing a screen from a window, and that a sum of money was missing after the defendant escaped through either the front or rear door of the house. The defense introduced evidence which, if believed, would have established alibi. *Held:*

1. "One witness for the State positively identified the defendant as being the person who broke and entered the residence. This was sufficient identification to authorize the verdict. *Mathews v. State,* 86 Ga. 782 (1) (13 SE 16); *Berry v. State,* 29 Ga. App. 282, 283 (2) (114 SE 922)." *Thompson v. State,* 76 Ga. App. 239 (2) (45 SE2d 675).

2. Where a witness for the State testifies positively that the defendant is the person who burglarized her residence a conviction is authorized although several witnesses testify as to facts which would establish a perfect alibi for the defendant. *Smith v. State,* 76 Ga. App. 240 (45 SE2d 473).

3. The evidence authorized the conviction, and the trial court did not err in overruling the defendant's motion for new trial based on the usual general grounds only.

*Judgment affirmed. Frankum and Jordan, JJ., concur.*

DECIDED SEPTEMBER 5, 1962.

*John J. Sullivan,* for plaintiff in error.

*Andrew J. Ryan, Jr., Solicitor General, Sylvan A. Garfunkel, Robert E. Barker, Assistant Solicitors General,* contra.