## 47173.   ANDERSON v. THE STATE.

BELL, Chief Judge. The defendant waived jury trial and was convicted by the court of burglary of a store. His appeal is limited to the issue of the sufficiency of the evidence to authorize the conviction. *Held:*

The storeowner victim testified that after he closed his store in the evening of the day of the burglary, he went to sleep in its rear. Later he was awakened and saw the defendant reaching to pick up some beer. The defendant was recognized by the owner as one of his regular customers. The defendant fled out the front door into the street and was observed entering his apartment house nearby. The police were summoned and on arrival went immediately to defendant's apartment house. The defendant answered the door, and was perspiring profusely. The victim identified defendant in the presence of the police as the person he saw in the rear of the store attempting to take his beer. This identification was corroborated by the testimony of a police officer. An in-court identification of the defendant was also made by the storeowner. There was evidence of a forcible entry of the store. A quantity of cigarettes was discovered missing but nothing was observed in defendant's hands as he fled the burglarized building.

The defendant gave sworn testimony in which he set up the

defense of alibi which was corroborated by the testimony of his wife and a neighbor.

An issue of fact was made on which the trial judge ruled in favor of the State. The evidence was sufficient to sustain the conviction. Where the witness for the State testified positively that the defendant is the person who burglarized his store, a conviction is authorized although several witnesses testify as to facts which would establish a perfect alibi for the defendant. *Sims v. State,* 106 Ga. App. 481 (2) (127 SE2d 382).

*Judgment affirmed. Evans and Stolz, JJ., concur.*
SUBMITTED MAY 2, 1972—DECIDED MAY 3, 1972.

*Glenn Zell,* for appellant.

*Lewis R. Slaton, District Attorney, Joel M. Feldman, Carter Goode,* for appellee.